09-0936-cr
USA v. Cirineo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand ten.

PRESENT:
> PIERRE N. LEVAL,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> > *Circuit Judges.*

_____

United States of America,

> *Appellee*,

> v.                                                    09-0936-cr

Efrain Nicolas Cirineo,

> *Defendant-Appellant*.

_____

FOR APPELLANT: Efrain N. Cirineo, *pro se*, Winton, N.C.

FOR APPELLEE:  Preet Bharara, United States Attorney for the Southern District of New York; Antonia M. Apps, Katherine Polk Failla, Assistant United States Attorneys, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Efrain N. Cirineo, *pro se*, appeals from the district court's order denying his motion made pursuant to 18 U.S.C. § 3582(c)(2) for reduction of an imposed term of imprisonment. We assume the parties' familiarity with the facts and procedural history.

Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.10(a)(2) of the Sentencing Guidelines provides, in relevant part, that:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(1) if -
> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

This Court reviews *de novo* a district court's determination as to whether a defendant's sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission. *United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009)

2

(citing *United States v. Pettus*, 303 F.3d 480, 483 (2d Cir. 2002)).

The November 2007 amendment to U.S.S.G. § 2D1.1(c)(1) did not reduce the guideline offense level applicable to the highest category of cocaine base offenses, which remained at 38, but did increase the minimum quantity of cocaine base that would place an offense at that level from 1.5 to 4.5 kilograms. However, because the original sentencing court found that Appellant was responsible for distributing 19 kilograms of cocaine base, well in excess of both 1.5 and 4.5 kilograms, the calculation of appellant's base offense level of 38 is unaffected by the Guidelines amendment and he is therefore ineligible for a sentence reduction.

In *United States v. Reddick*, we determined that there is no statutory right to counsel under the Criminal Justice Act in connection with a § 3582(c) motion, and that the provision of counsel for such motions should rest in the discretion of the district court. *See* 53 F.3d 462, 464-65 (2d Cir. 1995). We noted that the merits of the motion will be a "significant factor in the exercise of that discretion." *Id.* at 465 n.2. In this case, where it was readily ascertainable from the record that Appellant was ineligible for a reduction in sentence, the court did not abuse its discretion by denying his motion for appointment of counsel.

Finally, the district court did not abuse its discretion by

choosing not to hold a hearing, where the sentencing court had previously found Appellant to be responsible for distributing a quantity of cocaine base well above the 4.5 kilogram threshold. Rule 43(b)(4) of the Federal Rules of Criminal Procedure provides that a defendant is not required to be present at a proceeding "involv[ing] the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." Furthermore, U.S.S.G. § 1B1.10 makes clear that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3). Section 6A1.3 of the Guidelines does allow hearings "[w]hen any factor important to the sentencing determination is reasonably in dispute." U.S.S.G. § 6A1.3. However, in this case, the district court did not abuse its discretion by choosing not to hold a hearing where the sentencing court's finding that Appellant was responsible for distributing a quantity of cocaine base well above the 4.5 kilogram threshold was not reasonably in dispute.

For the reasons stated above, the district court's order is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4