12-2263-cr
*United States v. Garcia*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand and thirteen.

PRESENT:

GUIDO CALABRESI,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

-v.-                                                                No. 12-2263-cr

RENALDO GARCIA, aka SHORTY

*Defendant-Appellant*,

JOSE MERCEDE, AKA DADDY-O, JULIO A. ORTIZ,
AKA JUNIOR,  JORGE BADILLA, AKA EAGLE

*Defendants*.

_____

| | |
|---|---|
| For Appellee: | PETER A. NORLING, ERIK D. PAULSEN, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, New York |

For Defendant-Appellant:                    RYAN THOMAS TRUSKOSKI, Harwinton, Connecticut

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the district court be **AFFIRMED.**

Defendant-Appellant Renaldo Garcia appeals from an order of the district court (Gleeson, *J.*) entered May 10, 2012, denying his motion made pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of an imposed term of imprisonment. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

Garcia argues that the district court erred in denying his motion without appointing him counsel or holding an evidentiary hearing. The provision of legal counsel to indigent defendants in post-appeal motions for a reduction of sentence rests in the discretion of the district court. *United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995). "The apparent merits of the motion will no doubt be a significant factor in the exercise of that discretion." *Id.* at n.2. The district court did not abuse its discretion in denying Garcia's motion without appointing counsel because Garcia was plainly ineligible for a reduction of sentence for substantially the reasons stated in the district court's May 10, 2012 order. Garcia's motion did not present complex or potentially meritorious legal or factual issues which would have necessitated or benefitted from the assistance of counsel. Since it was "readily ascertainable from the record that [Garcia] was ineligible for a reduction in sentence, the court did not abuse its discretion" in denying his request for counsel. *United States v. Cirineo*, 372 F. App'x 178, 179-80 (2d Cir. 2010) (summary order).

Garcia's argument that he was entitled to an evidentiary hearing is likewise unavailing. A court deciding a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is not required to hold full resentencing proceedings with the defendant present. *See* U.S.S.G. § 1B1.10(a)(3); Fed.

R. Crim. P. 43(b)(4); *Dillon v. United States*, — U.S. ——, 130 S. Ct. 2683, 2692 (2010). Moreover, the Guidelines require that "parties shall be given an adequate opportunity to present information to the court" only when an important sentencing factor is "reasonably in dispute," U.S.S.G. § 6A1.3(a), and written submissions "may be adequate under many circumstances," *id.* § 6A1.3 cmt. The quantity of drugs attributable to Garcia was not reasonably in dispute given the district court's finding during a 2008 *Fatico* hearing, *see United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979), that more than 4.5 kilograms of crack cocaine were attributable to his co-conspirator, and in light of admissions made by Garcia and his co-conspirators during proffer sessions. Therefore, the district court did not abuse its discretion in denying Garcia's motion without holding an evidentiary hearing.

We have reviewed the rest of Garcia's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk