UNITED STATES of America,

v.

Julius WILLIAMS, Defendant.

00-CR-237 (VM)

United States District Court,
S.D. New York.

Signed June 3, 2016

Aitan David Goelman, Assistant United States Attorney, Adam Fee, United States Attorney Office, New York, NY, for Plaintiff.

Hershel Katz, Jeffrey S. Eisenberg, Esq., New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

On March 8, 2002, a jury found defendant Julius Williams ("Williams") guilty of one count of racketeering, in violation of 18 U.S.C. Section 1962(c) ("Count One"), one count of racketeering conspiracy, in violation of 18 U.S.C. Section 1962(d) ("Count Two"), and one count of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. Sections 812, 841(a), and 841(b) (1) (A) ("Count Three"). (See Dkt. Jury Verdict on Mar. 8, 2002; Dkt. No. 381.) The Court set aside the jury's verdict on Count One on August 13, 2002. (Dkt. No. 365.) On November 26, 2002, Williams was sentenced to a total term of imprisonment of 600 months.[1] (Dkt. No. 381.)

Effective November 1, 2014, the United States Sentencing Commission ("Sentencing Commission") adopted Amendment 782, which modified Section 2D1.1 ("Section 2D1.1") of the United States Sentencing Guidelines Manual ("Sentencing Guidelines") to lower the sentencing range for certain categories of drug-related offenses ("Amendment 782"). The Sentencing Commission then adopted Amendment 788 ("Amendment 788"), also effective November 1, 2014, which authorized retroactive application of Amendment 782 to defendants sentenced before its effective date. Amendment 788 also specifies that no incarcerated defendant can be released pursuant to Amendment 788 prior to November 1, 2015. Furthermore, the "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10 (e)(1).

By letter dated March 4, 2015, Williams filed a motion ("Motion") for a sentence reduction pursuant to Amendments 782 and 788 and requested that the Court appoint him counsel in this matter. (Dkt. No. 590.) At that time, the policy of this Court and the Bureau of Prisons was not to consider applications for resentencing until two years prior to the inmate's projected release date. Given that Williams's earliest projected release date was June 30, 2034, the Court issued an order on March 31, 2015 ("March 31 Order") indicating that it

---

1. The Court imposed a 240-month sentence for Count Two to run consecutively with a 360-month sentence for Count Three. (See Dkt. Nos. 533, 537, 544.)

could not review the Motion at that time and instructing Williams to refile his motion 24 months prior to his earliest estimated release date. (Dkt. No. 591.)

On December 30, 2015,[2] the Probation Department ("Probation") made a submission to the Court ("Supplemental Presentence Report" or "Supplemental PSR"), indicating that Williams is ineligible for a sentence reduction under Amendments 782 and 788 for two reasons: (1) Williams's offense level was determined based on a guideline other than Section 2D1.1 and (2) Williams was sentenced as a Career Offender or Armed Career Offender under Section 4B1.1 or Section 4B1.4 of the Sentencing Guidelines ("Section 4B1.1" or "Career Offender Guideline") without a departure. The Court now considers the Motion on the merits.

## I. STANDARD

Under Section 3582(c)(2) of Title 18 ("Section 3582(c)(2)") of the United States Code, when a defendant has been sentenced to a term of imprisonment based on a sentencing range that is subsequently lowered by the Sentencing Commission, the Court may act upon motion of the defendant or the Director of the Bureaus of Prisons, or upon its own motion, to reduce the defendant's term of imprisonment. A court may grant a sentence reduction only after considering the factors set forth in Section 3553(a) of Title 18 of the United States Code ("Section 3553(a)") and upon a finding that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582 (c)(2).

■ Here, when considering a sentence reduction under the two-step inquiry laid out in Dillon v. United States, the Court must first decide whether a defendant is eligible for a sentence modification and then determine the "extent of the reduction authorized." 560 U.S. 817, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). In reviewing eligibility, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines ... had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b). As a threshold matter, for a defendant to be eligible for a reduction, the amended Sentencing Guidelines range must be lower than the range that was applied at sentencing.

■ With regard to the extent of the reduction authorized, Section 1B1.10(b)(2)(A) of the Sentencing Guidelines provides that "the [C]ourt shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c) (2) and this policy statement to a term that is less than the minimum of the amended guideline range." The only exception to this rule applies if the defendant was sentenced to a term of imprisonment below the Sentencing Guidelines' range pursuant to a government motion "to reflect the defendant's substantial assistance to authorities," in which case the Court is authorized to grant a reduction comparably less than the amended Sentencing Guidelines' range. U.S.S.G. § 1B1.10 (b) (2) (B). However, in the absence of a sentencing departure based on substantial assistance, the Court is not permitted to "re-impos[e] departures or variances imposed at a defendant's original sentencing hearing." U.S. v. Erskine, 717 F.3d 131, 137 (2d Cir.2013). Furthermore, "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

**2.** Probation subsequently submitted a revised Supplemental PSR on January 19, 2016 correcting the base offense level and total offense level to 37.

If the defendant is eligible for a sentence reduction, the Court proceeds to the second step of the Dillon analysis. At that point, the Court must decide—in light of the Section 3553(a) factors—whether to grant a reduction. See Dillon, 560 U.S. at 827, 130 S.Ct. 2683. Under Section 3553(a), the Court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a); see also U.S.S.G. § 1B1.10, app.n.1(B) (ii). The Court may also consider a defendant's post-sentencing conduct in determining whether a reduction is warranted. U.S.S.G. § 1B1.10, app.n.1(B)(iii).

## II. DISCUSSION

### A. ELIGIBILITY FOR A SENTENCE REDUCTION

■ Under the first step of the Dillon analysis, to be eligible for a sentence reduction, Section 3582(c) (2) requires that Williams's sentence be "based on a sentencing range that has subsequently been lowered[.]" 18 U.S.C. § 3582(c)(2). Williams's base offense level was grounded in Section 2D1.1 of the Sentencing Guidelines, the section modified by Amendment 782. Although Williams's status as a "career offender" was used in the calculation of his criminal history category, his sentence was nevertheless at least partially "based on" Section 2D1.1, which encompasses sentencing ranges subsequently lowered by Amendment 782. 18 U.S.C. § 3582(c)(2). The Court therefore finds that Williams is eligible for a sentence reduction under Amendments 782 and 788.

### 1. Offense Level Calculation

According to the Supplemental PSR, Williams's offense level was based on a guideline other than Section 2D1.1 of the Sentencing Guidelines, and therefore, Williams is ineligible for a sentence reduction. However, Probation's assessment is incorrect. At sentencing, the Court calculated Williams's offense level on the basis of Section 2D1.1:

> [T]he Court in this case ... chooses to calculate Mr. Williams's offense level under U.S. Sentencing Guidelines Section 2D1.1(a)(3), which adopts an offense level of 32 for conspiring to distribute at least 50 grams of crack cocaine .... Using 32 as a based offense level, the Court agrees pursuant to U.S. Sentencing Guidelines Section 3B1.1(b) to add three points for Mr. Williams' role as a manager and supervisor of the conspiracy, which the Court finds was established by clear and convincing evidence at trial, and, further, pursuant to U.S. Sentencing Guidelines Section 2D1.1(b)(1), to add two points for possession of a dangerous weapon, which the Court also finds was established by clear and convincing evidence at trial. ... Mr. Williams' offense level stands at 37....

> In the alternative, the Court also finds in this record sufficient basis to calculate Mr. Williams' offense level under the United States Sentencing Guidelines Section 2D1.1(d)(1), which would hold Mr. Williams accountable for the murder of Alan McLeod during the course of participating in the conspiracy to distribute crack cocaine, the charge on which the jury was unable to reach decision. ...

> For the purposes of sentencing on the charges of which Mr. Williams was convicted, the Court finds that the murder cross-reference under U.S. Sentencing Guidelines Section 2D1.1(d)(1) applies to Mr. Williams despite failure of a jury to convict him at trial on the murder charge, which therefore leads to the

adoption of an offense level of 43, the maximum offense level allowed by the sentencing guide lines . . . .

Accordingly, the Court adopts a criminal history category of VI and an offense level of 37. Under the sentencing guidelines, the sentencing range of such an offense level and criminal history category is 360 months to life imprisonment. This range would not change significantly if the offense level of 43 was adopted.

(Dkt. No. 388, Sentencing Tr. at 50-52, 54-55.) Because Williams's offense level was calculated under Section 2D1.1, he is not ineligible for a sentence reduction based on this criteria.

### 2. Career Offender Characterization

Having found that Williams is not ineligible based on the calculation of his offense level, the Court now turns to Probation's second reason for determining that Williams is ineligible for a sentence reduction—that Williams was sentenced as a career offender pursuant to Section 4B1.1.[3]

Under Section 3582(c)(2), the Court may grant a sentence reduction when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. "Pursuant to [Section] 3582(c)(2), a defendant's sentence may only be reduced when 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.' Although the policy statements do not 'categorically exclude career offenders' from the benefit of a section 3582 resentencing, § 1B1.10(a)(2)(B) does categorically exclude defendants as to whom an amendment to the Guidelines 'does not have the effect of lowering the defendant's applicable guideline range.' " United States v. Smith, 614 F.Supp.2d 433, 434 (S.D.N.Y. 2009) (internal citations omitted).

The Court calculated Williams's criminal history category at sentencing based on his career offender status. (See Dkt. No. 388, Sentencing Tr. at 54) ("With regard to Mr. Williams's criminal history category, the Court considers Mr. Williams to be a career offender pursuant to United States Sentencing Guidelines Section 4B1.1 . . . ."). However, as outlined above, the Court did not take into account the Career Offender Guideline in calculating Williams's offense level but rather determined the offense level using Section 2D1.1.[4] Therefore, because there is evi-

---

**3.** The Court previously determined that Williams was ineligible for a sentence reduction under prior amendments to the Sentencing Guidelines due to his classification as a career offender (Dkt. No. 544 at 3.) However, upon review of more recent case law regarding amendments to the Sentencing Guidelines, the Court will now analyze whether Williams's classification as a career offender by Probation precludes him from being eligible for a sentence reduction pursuant to Amendment 782.

**4.** The Court is not aware of any precedent that precisely parallels the instant facts—a defendant that is assigned a criminal history category, but not an offense level, on the basis of the Career Offender Guideline. However, in U.S. v. Watson, the court determined that the defendant was a career offender, but departed downward and determined that the proper criminal history category for the defendant was V as opposed to VI, and the proper offense level was 35 instead of 37. No. 02 CR 1394, 2013 WL 772662 at *2 (S.D.N.Y. Feb. 27, 2013). The court granted the defendant's motion for a reduction in sentence and held:

> While I departed downward from the recommended net offense level—which took into account Watson's career offender status—of 37, my starting point was based on the PSR's calculation of a base offense level of 32 found in the drug offense guidelines. Had the base offense level been lower, I would have considered a lower range of sentences. Thus, the sentencing range called for in the drug offense guidelines was "a relevant part of the analytic framework" I used to determine Watson's sentence. To

dence that the Sentencing Guidelines' range calculated under Section 2D1.1 did play a role in the determination of Williams's sentence, Williams is eligible for a sentence reduction. Cf. Smith, 614 F.Supp.2d at 435–36 ("Accordingly, because defendant has pointed to 'no evidence that the Guidelines range calculated under U.S.S.G. § 2D1.1(c) played any role in [this Court's] determination of his sentence,' defendant is not eligible for a sentence reduction based on the amendments to the crack Guidelines.") (internal citations omitted).

### 3. Subsequently Lowered Guideline Range

Because Amendment 782 decreased the offense level for certain drug-related offenses under Section 2D1.1, Williams's offense level would accordingly be reduced from 37 to 35. An offense level of 35 and a criminal history category of VI results in a Sentencing Guidelines' range of 292 to 365 months. See United States v. Steele, 714 F.3d 751, 754 (2d Cir.2013) ("According to the relevant policy statement issued by the Sentencing Commission, in setting a reduced sentence, a resentencing court must first 'determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines ... had been in effect at the time the defendant was sentenced.' "). Therefore, since Amendment 782 does "have the effect of lowering the defendant's applicable guideline range," see U.S.S.G. § 1B1.10(a)(2)(B), from 360 months to life down to 292 to 365 months, Williams is eligible for a sentence reduction because his sentence was at least partially "based on" a range that has subsequently been lowered. See 18 U.S.C. § 3582 (c)(2).

"remedy an injustice," I find resentencing is appropriate.

### B. CONSIDERATION OF SECTION 3553(a) FACTORS

■ Having determined that Williams is eligible for a sentence reduction, the Court must determine whether to grant such a reduction by considering the Section 3553(a) factors. See Dillon, 560 U.S. at 827, 130 S.Ct. 2683.

The first factor listed in Section 3553(a)(1), "the nature and circumstances of the offense," weighs against granting a reduction. The Court applied upward enhancements at Williams's sentencing to account for his role as manager and supervisor of the conspiracy and for possession of a dangerous weapon. (Dkt. No. 388, Sentencing Tr. at 51; see also Dkt. No. 495 at 11-12.) The Court also concluded that Williams, in the course of participating in the conspiracy to distribute crack cocaine, "did stab Mr. [Alan] McLeod to death[,]" a murder that was carried out "intentionally, with premeditation and deliberation." (Dkt. No. 388, Sentencing Tr. at 53-54, 56.) Similarly, the Court considered that as manager of the drug gang involved in the conspiracy, Williams engaged in "acts of extreme violence, including Williams's firing a gun at and twice wounding [another individual] in the back while pursuing him following a fight in the after-hours club where Williams worked [.]" (Dkt. No. 495 at 11-12.) Therefore, the nature and circumstances of the offense counsel against granting a sentence reduction.

The second factor in Section 3553(a)(1), "the history and characteristics of the defendant," also weighs against granting a reduction. Because Williams had two prior felony narcotics convictions, the Court considered him a career offender for purposes of calculating his criminal history category.

Id. at *7. (internal citations omitted).

(Dkt. No. 388, Sentencing Tr. at 54.) In addition, nothing on the record indicated that Williams showed any remorse for his crimes. (Id. at 56.) Therefore, Williams's characteristics weigh against granting a reduction.

Finally, Section 3553(a)(2), "the need for the sentence imposed," also weighs in favor of maintaining the imposed sentence: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" 18 U.S.C. § 3553(a). The seriousness of Williams's offense, the egregious nature of his conduct, and the need to deter others and protect the public weigh against granting a reduction.

The Court therefore concludes that even though Williams is eligible for a sentence reduction pursuant to Amendments 782 and 788 to the Sentencing Guidelines, consideration of the Section 3553(a) factors does not warrant granting such a reduction.

## C. MOTION TO APPOINT COUNSEL

■ The Court will now turn to Williams's request for the Court to appoint counsel. (See Dkt. No. 590.) The Second Circuit has held that "reference to ancillary matters in [Section] 3006A does not require the furnishing of Criminal Justice Act counsel in post-appeal motions for reduction of sentence seeking the benefit of subsequent changes in the Guidelines." United States v. Reddick, 53 F.3d 462, 465 (2d Cir.1995). Therefore, "[t]he provision of counsel for such motions should rest in the discretion of the district court." Id.; see also United States v. Garcia, 517 Fed. Appx. 58 (2d Cir.2013) ("The provision of legal counsel to indigent defendants in post-appeal motions for a reduction of sen-

tence rests in the discretion of the district court."); United States v. Cirineo, 372 Fed. Appx. 178, 179 (2d Cir.2010) ("In United States v. Reddick, we determined that there is no statutory right to counsel under the Criminal Justice Act in connection with a § 3582(c) motion, and that the provision of counsel for such motions should rest in the discretion of the district court.").

In Reddick, the court concluded that requiring the appointment of an attorney for a motion for sentence reduction would "place large burdens of questionable value on the bar and the criminal justice treasury. Such an interpretation would require the use of public funds to pay the cost of counsel for countless frivolous proceedings that long-term prisoners might bring." 53 F.3d at 464. As a result, the Second Circuit held that "the merits of the motion will be a 'significant factor in the exercise of [the court's] discretion.'" Cirineo, 372 Fed. Appx. at 179 (quoting Reddick, 53 F.3d at 465 n. 2).

■ Williams did not provide any explanation as to why he requests appointment of an attorney. However, the merits of his Motion weigh against appointment of counsel. Although Williams is eligible for a sentence reduction under Section 3582(c)(2), the Court concluded that a reduction is not warranted in light of the Section 3553(a) factors. Given that Williams's Motion is unsuccessful on the merits, in accordance with its discretion, the Court denies Williams's request for appointment of counsel.

## III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Julius Williams ("Williams") (Dkt. No. 590) for a sentence reduction pursuant

to Amendments 782 and 788 of the United States Sentencing Guidelines is **DENIED** with prejudice; and it is further

**ORDERED** that the request of Williams to be appointed counsel (Dkt. No. 590) is **DENIED.**

. **SO ORDERED.**