15-2779-cr
United States v. Gil-Reyes

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand sixteen.

PRESENT: BARRINGTON D. PARKER,
REENA RAGGI,
PETER W. HALL,
   *Circuit Judges.*

---------------------------------------------------------------------

UNITED STATES OF AMERICA,
   *Appellee*,

   v.               No. 15-2779-cr

FRANKLIN B. GIL-REYES, AKA "Gago," AKA "Abel,"

   *Defendant-Appellant*,

BENJAMIN RAMOS, AKA "El Calvo," AKA "Flaco," RENE MAYOR GARCIA, AKA "Cuba," FRANKLIN M. GIL, AKA "Pelon," AKA "Pato," ALEJANDRO GARCIA, AKA "Leandro," AKA "Alex," ALLAH ZAKI, JOSE TEJADA, AKA "Ito," AKA "Ramon," JOSE LUIS CRUZADO-WILSON, AKA "Mr. Vargas," AKA "Esmeraldo," AKA "Vieja," AKA "Esmeraldo Vargas," AKA "Manuel Vargas," AKA "Jose Vargas," AKA "Franklin Rivero Santana," HECTOR REYES, AKA "Coco," AKA "Hernan," SANDY HERNANDEZ, AKA "Pata Guinea," AKA "Huevo Quemao," MAGGIE

1

DEFREITAS, CARMEN MAGNLI VASQUEZ-ALVAREZ, AKA "Magalys," CARLOS HERNANDEZ, MANUEL MORALES, PABLO CAMPO, BERNARDO IZQUIERDO, AKA "Johnny," ANGEL GERENA, JENNY A. VELASCO,
                            *Defendants*.[*]

------------------------------------------------------------------------

APPEARING FOR APPELLANT:        ALAN MITCHEL NELSON, Esq., Law Office of Alan Nelson, Esq., Lake Success, New York.

APPEARING FOR APPELLEE:         NADIA E. MOORE, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from an oral order of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the oral order entered on December 5, 2014, is AFFIRMED.

Defendant Franklin Gil-Reyes, who is presently serving a 200-month prison term for trafficking cocaine, appeals from the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the United States Sentencing Guidelines, which retroactively lowered the base offense levels applicable to most drug crimes under U.S.S.G. § 2D1.1(c). We review *de novo* a district court's determination that a defendant is ineligible for a sentence reduction pursuant to § 3582(c)(2). *See United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

2

Under § 3582(c)(2), a district court may reduce a defendant's sentence only if it was based on a sentencing range that the Sentencing Commission subsequently lowered and the reduction would be consistent with applicable Guidelines policy statements. *See United States v. Borden*, 564 F.3d 100, 103–04 (2d Cir. 2009). Gil-Reyes concedes—and the district court agreed—that his sentencing range was not lowered by Amendments 782 and 788 because, in light of the drug quantity attributed to his criminal conduct, his base offense level both before and after the amendment was 38. Moreover, the policy statement governing § 3582(c)(2) motions provides that a reduction is "not consistent with this policy statement . . . if . . . [Amendment 782] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). In light of Gil-Reyes's concession, his motion thus fails both prongs of § 3582(c)(2). *See United States v. Cirineo*, 372 F. App'x 178, 179 (2d Cir. 2010) (holding that defendant was ineligible for reduction because base offense level was "unaffected" by Guidelines amendment).

Gil-Reyes nevertheless faults the district court for failing to reconsider whether a mitigating role reduction under U.S.S.G. § 3B1.2—which was denied at sentencing—was warranted. He argues that, because U.S.S.G. § 1B1.10 (1) directs a court entertaining a § 3582(c)(2) motion to "determine the amended guideline range that would have been applicable to the defendant," *id.* § 1B1.10(b)(1), and (2) defines the "applicable" guideline range as the one "that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a)," *id.* § 1B1.10 cmt. n.1(A), the district court was authorized to reassess role adjustment decisions made at the initial sentencing

3

pursuant to U.S.S.G. § 1B1.1(a)(3). This argument fails because it misunderstands a § 3582(c)(2) proceeding.

Section 3582 does not provide for "a plenary resentencing" but, rather, for "only a limited adjustment to an otherwise final sentence." *Dillon v. United States*, 560 U.S. 817, 826 (2010). The governing policy statement makes this point when it states that, in determining a defendant's amended guideline range, "the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall *leave all other guideline application decisions unaffected*." U.S.S.G. § 1B1.10(b)(1) (emphasis added); *see id.* § 1B1.10 cmt. n.2. The highlighted text makes plain that decisions about role adjustments are not to be reexamined on a § 3582(c)(2) motion. *See Dillon v. United States*, 560 U.S. at 831 (holding that aspects of sentence not affected by Commission's amendment to U.S.S.G. § 2D1.1 "are outside the scope of the proceeding authorized by § 3582(c)(2)"); *United States v. Mock*, 612 F.3d 133, 135 (2d Cir. 2010) (stating that defendant may not attribute error to original, otherwise-final sentence on a § 3582(c)(2) motion). The district court thus correctly concluded that Gil-Reyes was ineligible for a sentence reduction under § 3582(c)(2).[1]

---

[1] We need not consider the reasoning employed to uphold the denial of a § 3582(c)(2) motion in *United States v. Rios*, 765 F.3d 133 (2d Cir. 2014), because, as the district court correctly concluded, Gil-Reyes's motion is defeated by the plain language of § 3582(c)(2) and U.S.S.G. § 1B1.10. Indeed, in attempting to distinguish *Rios*, Gil-Reyes acknowledges the fundamental problem with his role-adjustment argument, that is, the relevant amendment addressed drug quantity, not role, making reconsideration of role outside the scope of a § 3582(c)(2) motion. Gil-Reyes's argument about the rule of lenity is equally meritless because he fails to identify any genuine ambiguity in the

4

We have considered Gil-Reyes's other arguments and conclude that they are without merit. Accordingly, we AFFIRM the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

statute or the Guidelines, much less ambiguity that cannot be resolved by other rules of construction. *See United States v. DiCristina*, 726 F.3d 92, 104 (2d Cir. 2013) (observing that rule of lenity applies only when all other rules of construction have been applied and ambiguity persists).