15-3737-cr
United States v. Brooks

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2016

(Argued: May 10, 2017          Decided: June 1, 2018)

Docket No. 15-3737-cr

—————————————————

United States of America,

*Appellee*,

v.

Daren A. Brooks, A.K.A. Daren Brooks,

*Defendant-Appellant*.

—————————————————

Before:      LEVAL, POOLER, and HALL, *Circuit Judges*.

Defendant appeals from an order of the United States District Court for the Western District of New York (Siragusa, *J.*) denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied the motion as a matter of judicial discretion, but failed to state whether it had made the requisite initial determination that the Defendant was eligible for a sentence reduction. Because the record suggests that the court erred either by failing to determine the Defendant's eligibility or by miscalculating the revised Guidelines range, prejudicing Defendant, the case is REMANDED.

FRANK T. PIMENTEL, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, N.Y., *for Appellee*.

RANDALL D. UNGER, Bayside, N.Y., *for Defendant-Appellant*.

LEVAL, *Circuit Judge*:

Daren Brooks appeals from an order entered on November 17, 2015, in the United States District Court for the Western District of New York (Charles J. Siragusa, *J.*), denying Brooks's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  The district court denied the motion as a matter of judicial discretion, but failed to state whether it had made the requisite initial determination that the Defendant was eligible for a sentence reduction. Because the record strongly suggests that the court erred either by failing to determine the Defendant's eligibility for a sentence reduction, or by miscalculating the revised United States Sentencing Guidelines (the "Guidelines") range, and the Defendant might have been prejudiced by the error, we REMAND for reconsideration.

**BACKGROUND**

Brooks pleaded guilty to one count of possession of 50 grams or more of crack cocaine, with the intent to distribute. He was sentenced on October 11, 2012 to 300 months of imprisonment to be followed by eight years of supervised release, a $2,000 fine, and a $100 special assessment. The district

court properly applied the 2008 Guidelines, which were in effect at the time of the offense, rather than the 2011 Guidelines, which were in effect at the time of sentencing, because the 2008 Guidelines were more favorable to the Defendant. *See* U.S.S.G. § 1B1.11(b)(1) ("If the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed.") Although the 2008 Guidelines imposed a higher base offense level than the 2011 Guidelines (level 36 rather than level 34), they were ultimately more favorable to the Defendant because they excluded two enhancements that were applicable under the later version.

Using the 2008 Guidelines, the court found that the base offense level for the applicable quantity of crack cocaine—approximately 1.77 kilograms—was 36. The court applied a two-level increase because of Brooks's role as an organizer and a two-level decrease for his acceptance of responsibility, so that his net offense level of 36 was identical to his base offense level. In criminal history category of IV, this yielded an applicable Guidelines range of 262 –

327 months. The court considered the sentencing factors dictated by § 3553(a) and imposed a 300-month sentence. *See* 18 U.S.C. § 3553(a).

In 2014, the United States Sentencing Commission adopted Amendment 782 to the Guidelines (the "Amendment"). The Amendment, which was made retroactive, revised the drug quantity tables in § 2D1.1, generally reducing by two the offense levels assigned to each drug quantity. U.S.S.G. App C Supp., Amends. 782, 788. The Amendment set a base offense level of 32 for Brooks's offense. Level 32 was four levels below that set by the 2008 Guidelines under which he was sentenced. The applicable sentencing range was accordingly reduced from 262 – 327 months to 168 – 210 months.

Brooks moved pursuant to § 3582(c)(2) for a reduction to his sentence. Section 3582(c)(2) permits a court to reduce a defendant's prison term if the Sentencing Commission has, subsequent to the imposition of the original sentence, reduced the sentencing range applicable to the offense. 18 U.S.C. § 3582(c)(2).

In his motion papers Brooks asserted, correctly, that as a result of the Amendment his revised sentencing range was 168 – 210 months. The Probation Department supplied the court with an Abbreviated Supplemental

Presentence Report (the "PSR"). Apparently assuming that the Amendment reduced Brooks's base offense level by two (as was the case for most defendants), and failing to recognize that in Brooks's unusual case the base offense level set by the Amendment was four levels below the 2008 level used for his sentence, the Probation Department erroneously advised that Brooks's new base offense level was 34, instead of 32. Accordingly, the Probation Department erroneously calculated a revised Guidelines range of 210 – 262 months. The Government filed papers in opposition to Brooks's motion. In those papers, the Government acknowledged Brooks's eligibility for a reduction, but, like the Probation Department, erroneously asserted that Brooks's revised sentencing range was 210 – 262 months. Brooks's reply papers, oddly, repeated the Government's error, asserting that the amended Guidelines range was 210 – 262 months.

On November 17, 2015, the district court denied Brooks's motion for a sentence reduction. Without stating whether it had determined that Brooks was eligible for a sentence reduction or whether it had calculated the Guidelines range that was applicable based on Amendment 782, the court denied the motion, explaining that it was doing so as an "exercise[ of] its

discretion." Appendix 168. The court listed several factors it considered important to its decision, including Brooks's "lengthy criminal history," "pattern of recidivism," and "past conduct which demonstrates, regardless of long-term incarceration, that he fails to be rehabilitated." *Id.* Brooks brought the present appeal.

**DISCUSSION**

A district court's determination of a defendant's eligibility for a reduction of sentence is a matter of statutory interpretation and is reviewed de novo. *United States v. Leonard*, 844 F.3d 102, 106-07 (2d Cir. 2016). If a defendant is eligible for a reduction of sentence, we review a district court's decision to deny a § 3582(c)(2) motion for abuse of discretion. *United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013).

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). There are a few exceptions to this general rule, among them "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case, a court may reduce the sentence after considering

the applicable factors under § 3553(a), but may do so only if the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The policy statement applicable to § 3582 is § 1B1.10 of the Guidelines. U.S.S.G. § 1B1.10. That policy statement elaborates on the scope and limits of the court's power under § 3582 to modify a defendant's sentence. It states, in relevant part, that in the course of determining whether to reduce a sentence pursuant to § 3582(c)(2), "the court *shall* determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1) (emphasis added). Similarly, the Supreme Court has stated that § 3582(c)(2) and § 1B1.10(b)(1) "*require*[] the court to begin by determining the amended guideline range." *Dillon v. United States*, 560 U.S. 817, 827 (2010) (emphasis added) (internal quotation marks and alterations omitted). This court, too, has explained that "a district court *first must* consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the

defendant originally was sentenced." *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013) (emphasis added).

The district court did not say whether it first determined the amended Guidelines range to evaluate whether Brooks was eligible for a sentence reduction, or whether it simply decided to "exercise its discretion to deny [Brooks's] motion" regardless of whether he was eligible. Appendix 168. It is, of course, true that a sentencing court has discretion to deny a motion to reduce a sentence pursuant to § 3582(c)(2). 18 U.S.C. § 3582(c)(2) ("the court *may* reduce the term of imprisonment") (emphasis added). But such a discretionary determination should occur only at "step two of the inquiry," after the district court first "determine[s] the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon*, 560 U.S. 817, 827 (2010).

Because of the court's silence on the question, we cannot tell precisely which steps the court took in reaching its decision. The greatest likelihood appears to be that the court, relying on the erroneous submissions in the PSR, the Government's brief in opposition, and Brooks's reply brief, incorrectly determined that the Defendant was eligible for a two-level reduction instead

8

of a four-level reduction, but made no mention of that determination in explaining its exercise of discretion in denying the motion. Another possibility is that the court declined altogether to determine whether Brooks was eligible for a reduction in view of the court's intention to deny reduction in either case for discretionary reasons. It appears unlikely that the court correctly determined the Defendant's revised Guidelines range, and denied the motion saying nothing about the incorrect assertions by the Probation Department, the Government, and the Defendant.

The record thus strongly suggests that the court committed error, either by failing to determine the Defendant's eligibility for a sentence reduction, or by miscalculating the revised Guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (identifying as procedural error the failure to calculate, or the miscalculation of, the Guidelines range at initial sentencing).

The Government does not dispute an error, but argues that the error was harmless because "the record indicates clearly that the district court would have imposed the same sentence in any event." Brief for Government at 9, Dkt. No. 59 (quoting *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009)). We disagree. The court's denial of reduction resulted in a sentence that was

90 months (7.5 years) above the top of Brooks's new Guidelines range based on an offense level of 32 (168 – 210 months). If the court believed incorrectly—as seems likely given the incorrect advice submitted to it by the Probation Department and both parties—that the Defendant's new offense level was 34, then the sentence that the court left in place would have been only 38 months (roughly 3 years) above the applicable range (210 - 262 months). Notwithstanding the court's explanation of its reasons for denying Brooks's motion, we have no confidence that the court would have denied the motion had it been aware that the sentence left in place was 7.5 years higher than the top of the true applicable range. In view of what seems to be a reasonable likelihood that the court would have reduced Brooks's sentence had it realized that, contrary to the advice it received, his new Guidelines range was at least 90 months lower than the sentence previously given, we cannot assume that the error was harmless.

On remand, it may be useful for the district court to consider how it would have sentenced the Defendant originally if, at the time of the original sentencing, the Guidelines range had been 168 – 210 months. If the court would nonetheless have imposed the same 300-month sentence (90 months

higher than the top of the Guidelines range), then the court's subsequent denial of reduction would have been consistent with the court's initial perception.[1] On the other hand, if the court would have imposed a lower sentence had the lower Guidelines range of 168 – 210 months been in effect at the time of the initial sentence, then the court would need to ask why it is appropriate to keep in place a sentence higher than the sentence it would have initially imposed if the Guidelines at the time had been identical to what they are now.

We remand for the district court to reconsider the Defendant's eligibility for a reduction of sentence, the Guidelines range that would be applicable for such a reduction, and the sentence that the court would consider appropriate on a correct perception of the applicable Guidelines range. The court should set forth its findings and conclusions on each question. If the court determines after reconsideration that it would impose the same sentence of 300 months, the court may simply set forth on the record its determination to reaffirm its previous denial of the Defendant's motion for reduction of sentence. If, on the other hand, the court determines that a lower

---

[1] We express no opinion here about whether such a determination would be an abuse of discretion.

sentence should be imposed, the court may proceed to reduce the sentence and file a new judgment of conviction setting forth the sentence.

If the court adheres to its prior sentence, the Defendant may restore our consideration of this appeal by filing a letter with the Clerk of this court to restore the case to our active docket to be reviewed by this panel, without need for a new notice of appeal. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).  If the district court imposes a new sentence, this will require the filing of a new appealable judgment. Any appeal from a new judgment will follow the usual procedures for appeal and will be referred to this panel.

**CONCLUSION**

The matter is REMANDED to the district court for further proceedings.