*United States v. Zapatero*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term 2019

(Argued:  January 17, 2020       Decided:  June 3, 2020)

No. 18-3829

_____

UNITED STATES OF AMERICA,

*Appellee*,

— v. —

JOSEPH ZAPATERO,

*Defendant-Appellant*.

_____

Before:          HALL, SULLIVAN, and BIANCO, *Circuit Judges*.

Defendant-Appellant Joseph Zapatero appeals from the December 13, 2018 order of the United States District Court for the District of Vermont (Sessions, *J.*), denying his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based upon Amendment 782 to the United States Sentencing Guidelines for drug offenses.  Zapatero argues that the district court, in determining that he was ineligible for a § 3582(c)(2) reduction because his original sentence was already at the bottom of his amended Guidelines range, erred in failing to consider an adjustment at the original sentencing, pursuant to U.S.S.G. § 5G1.3(b), for time served on a related, undischarged term of imprisonment.  We conclude that the plain language of the statute, and its incorporated Guidelines provisions, preclude a district court from reducing a sentence, pursuant to § 3582(c)(2), below the

amended Guidelines range based on a § 5G1.3(b) adjustment at the original sentencing. Accordingly, we AFFIRM the order of the district court.

BARCLAY T. JOHNSON, Assistant Federal Public Defender, *for* Michael L. Desautels, Federal Public Defender for the District of Vermont, Burlington, VT, *for Defendant-Appellant*.

SPENCER WILLIG (Gregory L. Waples, *on the brief*) Assistant United States Attorneys, *for* Christina E. Nolan, United States Attorney for the District of Vermont, Burlington, VT, *for Appellee*.

JOSEPH F. BIANCO, *Circuit Judge*:

Defendant-Appellant Joseph Zapatero appeals from the December 13, 2018 order of the United States District Court for the District of Vermont (Sessions, *J.*), denying his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based upon Amendment 782 to the United States Sentencing Guidelines for drug offenses. Zapatero argues that the district court, in determining that he was ineligible for a § 3582(c)(2) reduction because his original sentence was already at the bottom of his amended Guidelines range, erred in failing to consider an adjustment at the original sentencing, pursuant to U.S.S.G. § 5G1.3(b), for time served on a related, undischarged term of imprisonment. We conclude that the

2

plain language of the statute, and its incorporated Guidelines provisions, preclude a district court from reducing a sentence, pursuant to § 3582(c)(2), below the amended Guidelines range based on a § 5G1.3(b) adjustment at the original sentencing. Accordingly, we AFFIRM the order of the district court.

## BACKGROUND

In September 2009, Zapatero was arrested after purchasing a kilogram of cocaine in a McDonald's parking lot in the Southern District of New York. He pleaded guilty to charges stemming from the arrest and entered federal custody on December 17, 2009 (the "New York Case"). While in federal custody, a grand jury in the District of Vermont indicted Zapatero for other drug distribution activities occurring between 2006 and 2009. Following transfer from the Southern District of New York, Zapatero was arraigned in Vermont on February 23, 2010, and ordered detained pending trial (the "Vermont Case").

In March 2010, in the New York Case, Zapatero was sentenced to 51 months' imprisonment for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. The following year, in September 2011, Zapatero pleaded guilty in the Vermont Case to conspiring to distribute 280 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A).

The district court in the Vermont Case thereafter sentenced Zapatero to 168 months' imprisonment. Applying the Guidelines, the district court initially calculated a total offense level of 36 and a criminal history category of II, resulting in an advisory Guidelines range of 210-262 months. After considering the 18 U.S.C. § 3553(a) factors, the district court varied downward to a total offense level of 34, which carried an advisory range of 168-210 months' imprisonment. The district court then imposed a 168-month sentence—the bottom end of Zapatero's Guidelines range. Because it viewed the conspiracy charges in the New York Case and Vermont Case to be related, the district court directed that Zapatero's sentences should run concurrently, and recommended to the Bureau of Prisons (the "BOP") that Zapatero receive credit from the date that his detention began in Vermont (February 23, 2010), even though that credit would also include time spent in custody on the sentence in the New York Case. This Court affirmed Zapatero's conviction and sentence on December 3, 2012, after his attorney filed a motion pursuant to *Anders v. California*, 386 U.S. 738 (1967).

In 2013, Zapatero, pro se, moved for relief under Federal Rule of Criminal Procedure 36, arguing that the BOP failed to follow the district court's recommendation regarding credit for time served. In response, the parties

4

stipulated that the judgment should be amended to move the language regarding the time-served credit from the "recommendation" section to the "commitment order" section in the judgment. On October 17, 2013, the district court issued an amended judgment pursuant to that stipulation.

In November 2014, the United States Sentencing Commission implemented Amendment 782, which retroactively reduced the base offense level for many drug offenses. *See* U.S.S.G. supp. to app. C, amend. 782 (2014); U.S.S.G. § 1B1.10(d). Under the amended Guidelines, Zapatero's base offense level decreased by two,[1] thereby reducing his total offense level (after reapplying the Guidelines) from an original 36 to an amended 34, before consideration of the § 3553(a) factors. Together, a total offense level of 34 and a criminal history category of II resulted in an advisory Guidelines range of 168-210 months' imprisonment.

On February 14, 2017, Zapatero filed a pro se motion in the district court in the Vermont Case seeking to reduce his sentence under 18 U.S.C. § 3582(c)(2) based upon his amended Guidelines range, which was subsequently supplemented by appointed counsel. Zapatero asserted that adjustments made pursuant to U.S.S.G. § 5G1.3(b) should be considered in determining eligibility

---

[1] *Compare* U.S.S.G. § 2D1.1(c)(4) (2014), *with* U.S.S.G. § 2D.1.1(c)(3) (Supp. 2010).

under § 3582(c)(2).[2] In other words, Zapatero argued that the district court should reduce his sentence below his amended Guidelines range to reflect that, at the original sentencing, the district court lowered his sentence pursuant to § 5G1.3(b), to award him credit for time served on the sentence in the related New York Case. The government argued, however, that Zapatero was not eligible for a sentence reduction under § 3582(c)(2) because his original 168-month sentence was already at the bottom end of his amended Guidelines range. The district court agreed with the government and denied Zapatero's motion, finding that § 3582(c)(2), which incorporates U.S.S.G. § 1B1.10, barred the court from reducing Zapatero's sentence below his minimum, amended Guidelines range. In reaching this decision, the district court noted that it had not relied on § 5G1.3(b) in determining the original sentence, but rather applied the factors under 18 U.S.C. § 3553(a).

This appeal followed.

---

[2] Section 5G1.3(b) states that if:

> a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction[,] . . . (1) the court shall adjust the sentence [for the instant offense] for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b).

**DISCUSSION**

We review *de novo* a question of law regarding a defendant's eligibility for a sentence reduction under 18 U.S.C. § 3582(c). *See United States v. Brooks*, 891 F.3d 432, 435 (2d Cir. 2018). The issue we address here is whether, in determining a defendant's eligibility for a sentence reduction under § 3582(c)(2), a district court can consider a U.S.S.G. § 5G1.3(b) adjustment at the original sentencing for time served on a related, undischarged prison term. We hold that, in considering a § 3582(c)(2) motion, § 1B1.10(b) precludes district courts from reducing a defendant's sentence below the amended Guidelines range based on a § 5G1.3(b) adjustment that was part of the original sentence.[3]

---

[3] As a threshold matter, the government argues that the district court did not apply a § 5G1.3(b) adjustment to Zapatero's original sentence for time served in the New York Case. Specifically, it asserts that the district court dismissed the question of whether to apply a § 5G1.3(b) adjustment as "academic" at the original sentencing hearing, the subsequent judgment did not reflect such an adjustment as required by § 5G1.3 cmt. n.2, and the district court stated in its order denying Zapatero's § 3582(c)(2) motion that it "did not rely in any way" on § 5G1.3 to reduce the original sentence. J. App'x 38, 131. Zapatero counters that, regardless of the characterization by the district court, it was effectively making a § 5G1.3(b) adjustment in the Vermont Case when it credited him for time served in the separate New York Case that would not have otherwise been credited by the BOP, and ran the two sentences concurrently. We need not address this issue here; even assuming arguendo that the district court's decision at the original sentencing could be properly characterized as including a § 5G1.3(b) adjustment, we conclude that § 1B1.10(b) precludes a district court from considering such an adjustment in determining eligibility under § 3582(c)(2).

Our analysis begins with the plain text of § 3582(c)(2) and, because of the unambiguous language of the statute and its incorporated Guidelines provisions, that is where our analysis must end. *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) ("When the words of a statute are unambiguous, then, . . . [the] 'judicial inquiry is complete.'" (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981))); *United States v. Gayle*, 342 F.3d 89, 92 (2d Cir. 2003) ("Statutory construction begins with the plain text and, if that text is unambiguous, it usually ends there as well."). With limited exceptions, "a judgment of conviction that includes [a sentence to a term of imprisonment] constitutes a final judgment," and a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(b)–(c). Section 3582(c)(2) provides one such "narrow exception" to this general rule of finality. *Dillon v. United States*, 560 U.S. 817, 827 (2010). Through that provision, Congress authorized federal district courts to reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case, a district court may reduce the sentence, but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* "The policy

8

statement applicable to § 3582 is § 1B1.10 of the Guidelines." *Brooks*, 891 F.3d at 435; *see also Dillon*, 560 U.S. at 826–27 (holding that § 1B1.10 is mandatory, not discretionary, at § 3582(c)(2) proceedings).

In turn, § 1B1.10 requires the district court to "determine the amended guideline range that would have been applicable to the defendant" if Amendment 782 "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1), (d). Section 1B1.10(b)(2), however, "confines the extent of the reduction authorized." *Dillon*, 560 U.S. at 827. In particular, § 1B1.10(b)(2) bars district courts from "reduc[ing] the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and [the Guidelines] to a term that is less than the minimum of the amended guideline range," except where a defendant previously provided "substantial assistance" to the government. U.S.S.G. § 1B1.10(b)(2)(A)–(B); *see also* U.S.S.G. § 1B1.10 cmt. n.3. Thus, based on the plain and unambiguous language of § 3582(c)(2) and § 1B1.10(b), it is abundantly clear that a district court cannot reduce a defendant's prison term below the amended Guidelines range, except where the defendant previously supplied the government with substantial assistance.

Here, because Zapatero's original 168-month sentence was already at the bottom of his amended Guidelines range, the district court correctly determined that he was ineligible for a § 3582(c)(2) sentence reduction. Zapatero nevertheless contends that, because a § 5G1.3(b) adjustment is a mandatory reduction applied to the Guidelines *sentence*, rather than a departure or variance applied to the Guidelines *range*, any § 5G1.3(b) credit to an original sentence should be considered in determining eligibility for a § 3582(c)(2) reduction and allow a reduced sentence below the amended Guidelines range. On his theory, the district court's decision to concurrently run the sentence in the Vermont Case with the sentence in the New York Case, and to grant credit for time served following Zapatero's February 23, 2010 detention in the Vermont Case, allows the district court to reduce his sentence through a § 3582(c)(2) proceeding to as low as 119 months' imprisonment, which is 49 months below the bottom end of Zapatero's amended Guidelines range of 168-210 months.[4] We disagree.

---

[4] This 49-month period, according to Zapatero, includes: (1) the 19-month credit he received for time served following his February 23, 2010 detention in the Vermont Case until his September 2011 sentencing; and (2) the 30-month concurrent period following his September 2011 sentencing in the Vermont Case until the completion of his 51-month prison term in the New York Case. *See* U.S.S.G. § 5G1.3(b); 18 U.S.C. § 3585.

10

Zapatero's argument runs afoul of § 1B1.10 and its commentary, which district courts must follow at § 3582(c)(2) proceedings. *See United States v. Erskine*, 717 F.3d 131, 135 (2d Cir. 2013) ("[Section] 1B1.10 of the Guidelines is valid and binding on district courts."); *see also United States v. Williams*, 551 F.3d 182, 186 (2d Cir. 2009). The commentary instructs that a defendant is eligible under § 3582(c)(2) for a sentence reduction only where a qualifying Guidelines amendment—here, Amendment 782—"lowers the applicable guideline range." U.S.S.G. § 1B1.10 cmt. n.1(A). In 2011, the Sentencing Commission defined "applicable guideline range" as the "*guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance.*" *Id.* (emphasis added); *see also* U.S.S.G. app. C, amend. 759 (2011).

Section 1B1.1(a), for its part, provides an eight-step process for determining a defendant's applicable Guidelines range and ultimate sentence. *See* U.S.S.G. § 1B1.1(a)(1)–(8). The first five steps determine the defendant's offense level, while the sixth step determines the defendant's criminal history category. *See* U.S.S.G. § 1B1.1(a)(1)–(6). At step seven, the district court must "[d]etermine the *guideline range . . . that corresponds to the offense level and criminal history category*" as calculated

11

by steps one through six. U.S.S.G. § 1B1.1(a)(7) (emphasis added). Therefore, as the near identical language in § 1B1.10 and § 1B1.1 indicates, for purposes of § 1B1.10, the "applicable guideline range" is determined at step seven of the Guidelines' application instructions.

That the "applicable guideline range" is determined at step seven is further reinforced by the plain language of step eight. The eighth step instructs that: "*For the particular guideline range*, determine from Parts B through G of Chapter Five the sentencing requirements and options related to probation, imprisonment, supervision conditions, fines, and restitution." U.S.S.G. § 1B1.1(a)(8) (emphasis added). As the subordinate clause indicates, the Guidelines range was determined at step seven, and the district court must then separately determine "sentencing requirements and options" at step eight. *Id.* And, importantly, § 5G1.3(b) credit for time served on a related, undischarged term of imprisonment appears in "[Part] G of Chapter Five." *Id.* Thus, by the Guidelines' own application instructions, a district court does not consider a § 5G1.3(b) adjustment until after the "applicable guideline range" has been calculated. *See also* U.S.S.G. § 5G1.3(b)(1) (directing district courts to "*adjust the sentence* for any period of imprisonment already served on the [related,] undischarged term of

12

imprisonment" (emphasis added)). Zapatero "is correct that § 5G1.3 does not provide for a 'variance' or 'departure,' but neither does it factor into calculation of the 'amended guideline range.'" *United States v. Helm*, 891 F.3d 740, 743 (8th Cir. 2018) (holding that a § 5G1.3(b) adjustment to the original sentence does not enter into the calculation of the amended Guidelines range for purposes of a § 3582(c)(2) motion and is, therefore, irrelevant to such determinations); *cf. United States v. Steele*, 714 F.3d 751, 755–56 (2d Cir. 2013) (holding that departures and variances are not incorporated into the amended Guidelines range in § 3582(c)(2) proceedings).

Accordingly, because the time-served adjustments are not part of the amended Guidelines range and that range represents the outer boundary of a district court's authority under § 3582(c)(2) and § 1B1.10(b) absent a "substantial assistance" motion by the government at the original sentencing, those time-served adjustments are simply immaterial to a defendant's eligibility for a § 3582(c)(2) sentence reduction.[5] For the same reason, even if a defendant was originally sentenced above the bottom end of the amended Guidelines range and

---

[5] Zapatero's reliance on *United States v. Rivers*, 329 F.3d 119 (2d Cir. 2003), is misplaced as that case involved a direct appeal from a § 5G1.3(b) adjustment to a mandatory minimum sentence—not a "limited" § 3582(c)(2) proceeding. *See Dillon*, 560 U.S. at 826.

is thus eligible for a § 3582(c)(2) reduction, a § 5G1.3(b) adjustment at the original sentencing cannot be used to reduce that defendant's sentence at a § 3582(c)(2) proceeding below the minimum of the amended Guidelines range.

Such a reading is not only mandated by the language of § 3582(c)(2) and the incorporated Guidelines provisions but also is aligned with the "limited scope and purpose" of § 3582(c)(2) proceedings. *Dillon*, 560 U.S. at 828. Although a district court may consider a credit or "downward departure or variance" from the Guidelines range at the original sentencing, for example, the district court "*shall not* reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" at a § 3582(c)(2) proceeding. U.S.S.G. § 1B1.10(b)(2)(A) & cmt. n.3 (emphasis added); *Steele*, 714 F.3d at 755–56. Through § 3582(c)(2), "Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon*, 560 U.S. at 826; *see also* U.S.S.G. § 1B1.10(a)(3). Congress simply "empower[ed] district judges to correct sentences that depend on frameworks that later prove unjustified" by the Sentencing Commission. *Freeman v. United States*, 564 U.S. 522, 526 (2011) (plurality opinion). A defendant "may not seek to attribute error to the original, otherwise-final sentence" through a § 3582(c)(2) motion. *United States v.*

*Mock*, 612 F.3d 133, 137 (2d Cir. 2010). Nor may he receive the benefit of a "previously-awarded downward departure, which reduced his criminal history category" at the original sentencing. *Steele*, 714 F.3d at 756; *see also Erskine*, 717 F.3d at 139 (acknowledging that a district court may not depart below an amended Guidelines range due to the § 3553(a) factors). A contrary reading would break from the express language of § 3582(c)(2) and § 1B1.10(b), and expand the narrow purpose of § 3582(c)(2) proceedings.

Zapatero further argues that *United States v. Gonzalez-Murillo* supports his view that § 5G1.3(b) credit may be considered at § 3582(c)(2) proceedings. 852 F.3d 1329 (11th Cir. 2017). There, the Eleventh Circuit held that, if a court elects to reduce a sentence under § 3582(c)(2), it must also reapply a § 5G1.3(b) adjustment. *Id.* at 1339. In reaching that decision, the court concluded that its precedent, *United States v. Hippolyte*, 712 F.3d 535 (11th Cir. 2013), required the court to apply all eight steps of § 1B1.1(a) before it could arrive at the amended Guidelines range for purposes of § 1B1.10. *Gonzalez-Murillo*, 852 F.3d at 1337. However, as the Eighth Circuit noted in *Helm*, the facts in *Hippolyte* involved § 5G1.1(b), not § 5G1.3(b), and without addressing § 1B1.1(a)'s text, "[the Eleventh Circuit] appeared to assume that because § 5G1.1(b) provides that a statutory minimum sentence

15

greater than the guideline range will become the 'guidelines sentence,' the court must take into account Part G of Chapter 5 when determining the 'amended guideline range.'" *Helm*, 891 F.3d at 743 (citing *Hippolyte*, 712 F.3d at 541). As noted above, that approach "conflates 'guideline range' with 'guideline sentence,'" even though those terms are used in a separate and distinct manner within the commentaries to the Guidelines. *Id.* As explained in *Helm*:

> The Sentencing Commission's own example concerning § 5G1.3(b) demonstrates the point: it describes a defendant with a "guideline range" of 12–18 months, but a "sentence" of seven months after an "adjustment" under § 5G1.3(b). USSG § 5G1.3, comment. (n.2(D)). Although the distinction is sometimes subtle, the guidelines manual differentiates between the guideline range that is determined from the Sentencing Table based on an offense level and criminal history category, *see* USSG § 1B1.1(a)(7); USSG § 1B1.10, comment. (n.1(A)), and other factors—such as statutory penalties—that "affect" or "restrict" the guideline range when the court considers "sentencing requirements and options" at step eight of the application instructions. *See* § 5G1.1, comment.; § 5G1.2, comment. (n.1); *see also* USSG § 1B1.10, comment. (n.1(A)).

*Id*. at 743–44. We agree with *Helm* that there is no support in the language or structure of the Guidelines for, as Zapatero urges here, equating a step-eight § 5G1.3(b) "adjustment" to a Guidelines *sentence* with a steps-one-through-seven calculation of a Guidelines *range*.

16

Zapatero also relies heavily upon *United States v. Malloy*, a district court opinion where a 20-month custody "credit" was applied under § 5G1.3(b) to the defendant's amended Guidelines range. 845 F. Supp. 2d 475, 482 (N.D.N.Y. 2012). In doing so, the court concluded that § 1B1.10(b)(2) only bars departures or variances below the amended Guidelines range, but not a "credit" under § 5G1.3(b) that "adjusts only the amount of time the defendant will remain incarcerated in order to fulfill the term of imprisonment."[6] *Id.* That interpretation, however, finds no support in the plain text of § 3582(c)(2) and § 1B1.10(b). Section 1B1.10(b)(2) explicitly limits the district court's reduction authority to the bottom of the "amended guideline range," *see* U.S.S.G. § 1B1.10(b)(2), and that calculation is complete at step seven of the Guidelines' application instructions, notwithstanding any "credits" that are awarded under § 5G1.3(b) at step eight, *see* U.S.S.G. § 1B1.1(a)(7)–(8).

The court in *Malloy* went so far as to hold, in the alternative, that the reduction below the amended Guidelines range would be appropriate even if the 20-month reduction at the original sentence was in fact a "departure" under

---

[6] Zapatero cites two additional district court cases that, relying upon *Malloy*'s reasoning, reach the same conclusion. *See United States v. Abreu*, 155 F. Supp. 3d 211, 215–16 (E.D.N.Y. 2015); *United States v. Dean*, No. 3:95–cr–00031–MOC, 2015 WL 5457847, at *4 (W.D.N.C. Sept. 16, 2015).

U.S.S.G. § 5K2.23 because the related sentence had already been discharged, and thus outside the scope of § 5G1.3(b)'s provisions regarding undischarged terms. *See* 845 F. Supp. 2d at 484–85. The court concluded that a "contrary result would be, simply put, inequitable." *Id.* at 484. Equitable considerations, however, do not permit a district court to go beyond the express limitations set forth in § 3582(c)(2) and its incorporated Guidelines provisions, which establish the outer bounds of a district court's authority in connection with a § 3582(c)(2) motion. We thus find the analysis in *Malloy* unpersuasive.

Finally, Zapatero argues that § 1B1.10(b)(1) required the district court, in determining his amended Guidelines range, to "leave all other guideline application decisions unaffected," including prior § 5G1.3(b) adjustment decisions. *See* U.S.S.G. § 1B1.10(b)(1). But read in the above-referenced context of § 1B1.10(b), its commentary, and the Guidelines' application instructions, the phrase "all other guideline application decisions" clearly refers to decisions impacting the Guidelines *range*, not to decisions impacting the Guidelines *sentence*. To hold otherwise would require the conclusion that other decisions which affected an original Guidelines sentence, such as departures or variances, may allow a district court under § 3582(c)(2) to reduce a sentence below the amended

18

Guidelines range pursuant to § 1B1.10(b)(1), even though its commentary and our case law clearly state the contrary. *See* U.S.S.G. § 1B1.10 cmt. n.3 ("[If] the amended guideline range . . . is 51 to 63 months . . . [and] the term of imprisonment imposed . . . was not a sentence of 70 months (within the [original 70 to 87 month] guidelines range) but instead was a sentence of 56 months (constituting a downward departure or variance), the court likewise may reduce the defendant's term of imprisonment, *but shall not reduce it to a term less than 51 months*." (emphasis added)); *Steele*, 714 F.3d at 756–57. Therefore, § 1B1.10(b)(1)'s direction to "leave all other guideline application decisions unaffected," offers no support for Zapatero's attempt to expand eligibility for § 3582(c)(2) sentence reductions by extending § 5G1.3(b) adjustments beyond the minimum of the amended Guidelines range.

## CONCLUSION

For the reasons stated above, U.S.S.G. § 1B1.10(b) precludes district courts from reducing a defendant's sentence, pursuant to 18 U.S.C. § 3582(c)(2), below the amended Guidelines range based on a U.S.S.G. § 5G1.3(b) adjustment that was part of the original sentence. Because Zapatero's amended Guidelines range was 168-210 months' imprisonment and he was sentenced originally to a 168-month

19

prison term, he is not eligible for a sentence reduction under § 3582(c)(2).  We

accordingly AFFIRM the order of the district court.