# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 21-3058

September Term, 2022

FILED ON: OCTOBER 28, 2022

UNITED STATES OF AMERICA,
                    APPELLEE,

v.

KEITH B. MCGILL,
                    APPELLANT.

Appeal from the United States District Court
for the District of Columbia
(No. 1:02-cr-00045)

Before: RAO and WALKER, *Circuit Judges*, RANDOLPH, *Senior Circuit Judge*.

## J U D G M E N T

The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below:

We **AFFIRM** the district court's sentence in part, **VACATE** in part, and **REMAND** for the district court to correct the lower end of the sentencing range on Count Three.

\* \* \*

Keith McGill brought this appeal from a sentencing order of District Judge Lamberth, issued on remand from *United States v. McGill*, 815 F.3d 846 (D.C. Cir. 2016).

In a multi-defendant trial, the jury convicted McGill and his co-defendants of some thirty murders and other crimes during their drug conspiracy in Washington, D.C. *Id.* at 861. McGill's main role was to cook and then help distribute crack cocaine. McGill also acted as an enforcer. He attempted to murder a man the conspirators suspected of cooperating with the government. McGill shot the victim twice in the back, paralyzing him for life.

The district court, Lamberth, J., sentenced McGill on six counts: on Count One, conspiracy to distribute narcotics; Count Two, RICO Conspiracy; Count Three, assault with intent to commit murder; Count Four, violent crime in aid of racketeering; Count Five, tampering with a witness or informant by killing; and Count Six, unlawful use of a firearm. *Id.* at 908-09.

In McGill's first appeal we rejected his request that we remand for an entirely new – or, in Latin, "de novo" – resentencing. *Id.* at 913. Instead, we affirmed his sentences on Counts Three and Six and vacated and remanded only his sentences on Counts One, Two, Four, and Five. As to those counts, we held that the district court could "consider only such new arguments or new facts as are made newly relevant by [our] decision – whether by reasoning or by the result." *Id.* (quoting *United States v. Whren*, 111 F.3d 956, 960 (D.C. Cir. 1997)). We also held that the district court should determine on remand whether the admission of a drug report – which listed the quantity of drugs found on McGill's co-defendants – affected the jury's findings about the quantity of drugs attributable to McGill, which might have influenced his sentence. *Id.* at 892. "In all other respects" we affirmed his convictions and sentences. *Id.* at 947.

On remand, the district court resentenced McGill to two life sentences on Counts One and Two; 120 months on Count Four; and 240 months on Count Five – all to run concurrently. The court again determined that McGill met the criteria for the career offender guideline. And the court stated, in the exercise of its sentencing discretion, that even if the Guidelines suggested a lesser sentence, the court would still sentence McGill to life in view of the severity of his criminal conduct. The court also denied McGill's request to apply Guideline Amendment 782 retroactively for the same reasons it had denied McGill's request for compassionate release. The district court considered the § 3553(a) factors in determining the appropriate sentence.

In this appeal, McGill gives us no reason to disturb the district court's sentences. He contends that the drug report – which related to other defendants – "must have [] influenced" the jury's finding on the quantity of drugs he conspired to distribute. We disagree. The record contains overwhelming evidence of McGill's cooking and distributing substantial quantities of drugs – far more than 50 or more grams of crack cocaine.

McGill also challenges the district court's application of the career offender guidelines. He concedes that this guideline applies to him. But he seems to suggest that he should have received a downward departure under U.S.S.G. § 4A1.3 because the career offender guideline significantly overrepresents the seriousness of his conduct and likelihood of recidivism. McGill has identified nothing to show that the district court failed to recognize its authority to depart downward. *See United States v. Olivares*, 473 F.3d 1224, 1231 (D.C. Cir. 2006). And to the extent we can review the district court's refusal to depart downward, we hold that it did not abuse its discretion. *See United States v. Hunter*, 554 F. App'x 5, 10 (D.C. Cir. 2014) (per curiam).

The district court also did not err in refusing to apply Guideline Amendment 782, which "revised the drug quantity tables in § 2D1.1, generally reducing by two the offense levels assigned

to each drug quantity." *United States v. Brooks*, 891 F.3d 432, 434 (2d Cir. 2018). The district court concluded that the § 3553(a) factors counseled against retroactivity. And, regardless, Guideline Amendment 782 would have had no effect in light of the district court's application of the career offender guideline. *See United States v. Akers*, 892 F.3d 432, 434 (D.C. Cir. 2018). Furthermore, because the district court stated that it would apply an upward departure (to a life sentence) due to the severity of McGill's conduct, any error regarding Amendment 782 would have been harmless.

We also hold that the district court's sentences were substantively reasonable. *See United States v. Miller*, 35 F.4th 807, 818 (D.C. Cir. 2022). We reject McGill's arguments to the contrary. The district court did not err in relying on its previous compassionate release memorandum opinion because, at sentencing, it explicitly re-adopted its reasoning stated in the memorandum and said that its prior conclusions did not bind it. Nor did it err in refusing to consider his rehabilitation. The district court *did* consider McGill's rehabilitation, but properly rejected this conduct given the seriousness of McGill's offenses. *See United States v. Hunter*, 809 F.3d 677, 685 (D.C. Cir. 2016). McGill has not identified any errors in the district court's calculation of his sentences.

This brings us to Count Three. The district court correctly determined that we had not remanded the judgment on Count Three for resentencing. In this appeal the government noticed an inconsequential error in that sentence under what was then the law of the District of Columbia. Rather than a sentence of 30-years-to-life, the sentence on Count Three should have been 15-years-to-life. The difference is inconsequential because McGill is serving two life sentences on Counts One and Two.

For the reasons stated above, we affirm the judgment of the district court in part, vacate in part, and remand the Count 3 sentence so that the error just mentioned may be corrected. We also deny McGill's pending motion for leave to file a reply brief, his motion for reassignment of the case and de novo review, and the government's motion to strike.

\* \* \*

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold the mandate until seven days after any timely petition for rehearing or rehearing *en banc* is resolved. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk

3