**UNITED STATES of America,
Appellee,**

v.

**Julius WILLIAMS, Defendant–
Appellant.**

No. 06–0712–cr.

United States Court of Appeals,
Second Circuit.

Feb. 2, 2007.

Appearing for Appellee: David O'Neal,
Assistant United States Attorney (Michael
J. Garcia, United States Attorney for the
Southern District of New York, Vincent

Tortorella, Harry Sandick, Assistant United States Attorneys, on the brief), New York, NY.

Appearing for Defendant–Appellant: James V. DeVita (Austin V. Campriello, Beth Brandler, on the brief), Bryan Cave, LLP, New York, NY.

Present: Hon. AMALYA L. KEARSE, Hon. SONIA SOTOMAYOR, Circuit Judges, Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.*

## SUMMARY ORDER

Defendant-appellant Julius Williams appeals from the February 6, 2006 judgment of the district court denying his request for resentencing after a remand from this court pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). *United States v. Santiago,* 413 F.Supp.2d 307 (S.D.N.Y. 2006). In 2002, a jury convicted Williams of one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and one count of narcotics conspiracy, in violation of 21 U.S.C. § 846, and the district court sentenced him to 600 months imprisonment. We assume the parties' familiarity with the underlying facts of the case, its procedural history and the arguments on appeal.

■ Williams challenges his sentence on a number of grounds. First, he claims that the district court violated his constitutional rights when the judge, and not a jury, found facts upon which he based his sentencing decision. Second, Williams argues that the district court erred in finding facts for sentencing purposes by a preponderance of the evidence, rather than beyond a reasonable doubt. Third, Williams contends that it was error for the district court to sentence him based on conduct related to charges for which the jury was unable to reach a verdict, arguing that the Supreme Court's decision in *United States v. Watts,* 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997), which held that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence," does not survive the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

As Williams concedes, controlling Circuit precedent forecloses all three of these arguments. *See United States v. Vaughn,* 430 F.3d 518, 525 (2d Cir.2005) ("[A]fter *Booker,* district courts' authority to determine sentencing factors by a preponderance of the evidence endures and does not violate the Due Process Clause of the Fifth Amendment."); *id.* at 527 ("We ... reject[ ] a claim that, after *Booker,* district courts may no longer consider acquitted conduct when sentencing within the statutory range authorized by the jury's verdict."). We decline to reconsider our holding in *Vaughn.* Moreover, the Supreme Court's recent decision in *Cunningham v. California,* — U.S. ——, 127 S.Ct. 856, 859–60, 166 L.Ed.2d 856 (2007) (invalidating a California sentencing scheme that permitted a judge to elevate a defendant's sentence to a statutorily prescribed "upper term" based on facts found by the judge, not the jury), does not call that holding into question because Williams was sen-

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

tenced within the statutory maximum for his offenses.

■ Finally, Williams challenges as unreasonable the district court's decision to run the twenty-year sentence for narcotics conspiracy consecutively with the thirty-year sentence for racketeering conspiracy, instead of running the two sentences concurrently. The heart of Williams's argument is that the district court's decision was inappropriate because the two counts reflected roughly the same underlying criminal conduct. However, there is no constitutional right to concurrent, rather than consecutive, sentences. *United States v. White*, 240 F.3d 127, 135 (2d Cir.2001). We therefore review the fifty-year sentence only for substantive reasonableness. *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006). We agree with the district court that "[a] concurrent sentence under these circumstances would not have sufficiently reflected in their entirety the seriousness of Williams's offenses, his criminal history, deterrence of Williams and other potential offenders, and the need to protect the public from other crimes Williams might otherwise commit." *Santiago*, 413 F.Supp.2d at 314. We thus conclude that the sentence imposed was reasonable.

For the foregoing reasons, we AFFIRM the judgment of conviction.