20-3044(L)
*United States v. Williams*

# United States Court of Appeals
# For the Second Circuit

August Term 2022

Submitted: February 10, 2023
Decided: May 24, 2024

Nos. 20-3044(L), 20-3750(Con)

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

JULIUS WILLIAMS, a.k.a. STINKER, a.k.a. JULIUS ROBINSON,

*Defendant-Appellant.**

Appeal from the United States District Court
for the Southern District of New York
No. 00-cr-237-3, Victor Marrero, *Judge.*

Before: KEARSE, SULLIVAN, and MERRIAM, *Circuit Judges.*

Julius Williams appeals from the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), which permits a court to reduce a defendant's sentence if the original sentence was based on a Sentencing Guidelines range that the United States Sentencing Commission has subsequently lowered. Williams argues that the district court (Marrero, *J.*) wrongly concluded that he was

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

ineligible for a sentence reduction under the Commission's 2014 revisions to the narcotics Guidelines because he participated in a narcotics-related murder that subjected him to a higher Guidelines range under the "murder cross-reference" provision of U.S.S.G § 2D1.1(d)(1). Because the district court denied Williams's motion on the independent ground that a sentence reduction was not warranted under the objectives of sentencing set forth in 18 U.S.C. § 3553(a), we affirm the district court's decision without reaching the issue of Williams's eligibility for a sentence reduction under section 3582(c)(2).

Judge Kearse dissents in a separate opinion.

AFFIRMED.

> Winston M. Paes, Isabela Garcez, McCahey Townsend, Katherine Stein, Beatrice A. Walton Debevoise & Plimpton LLP, New York, NY, *for Defendant-Appellant*.
>
> Micah F. Fergenson, Karl Metzner, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

RICHARD J. SULLIVAN, *Circuit Judge*:

Julius Williams appeals from the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), which permits a court to reduce a defendant's sentence if the original sentence was based on a Sentencing Guidelines range that the United States Sentencing Commission has subsequently lowered. Williams argues that the district court (Marrero, *J.*) wrongly concluded that he was ineligible for a sentence reduction under the Commission's 2014 revisions to the

narcotics Guidelines because he participated in a narcotics-related murder that subjected him to a higher Guidelines range under the "murder cross-reference" provision of U.S.S.G. § 2D1.1(d)(1). Because the district court denied Williams's motion on the independent ground that a sentence reduction was not warranted under the objectives of sentencing set forth in 18 U.S.C. § 3553(a), we affirm the district court's decision without reaching the issue of Williams's eligibility for a sentence reduction under section 3582(c)(2).

## I. BACKGROUND

In 2002, Williams was convicted at trial of racketeering, in violation of 18 U.S.C. § 1962(c) (Count One); racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count Two); and conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a), 841(b)(1)(A) (Count Three). After granting Williams's motion to set aside his conviction on Count One, the district court sentenced Williams on the remaining counts. Following the then-mandatory Sentencing Guidelines, the district court grouped Counts Two and Three together and applied a base offense level of thirty-two – the level applicable for conspiring to distribute at least fifty grams of crack cocaine. The court then added a three-level enhancement for Williams's role as a manager and supervisor of the conspiracy,

3

*see* U.S.S.G. § 3B1.1(b), and a two-level enhancement for his possession of a dangerous weapon in connection with the offense, *see id.* § 2D1.1(b)(1), for a total offense level of thirty-seven. The court next determined that Williams was a career offender, resulting in a criminal history category of VI under section 4B1.1 of the Guidelines. Although an offense level of 37 and a criminal history category of VI would ordinarily result in a Guidelines range of 360 months to life imprisonment, the district court properly noted that the aggregate statutory maximum sentence for Counts One and Two together was 600 months, yielding a revised sentencing range of 360 to 600 months pursuant to section 5G1.1.

At sentencing, the district court noted that the evidence introduced at trial supported application of the murder cross-reference provision set forth in section 2D1.1(d)(1) of the Guidelines. Specifically, the court found that the testimony of four eyewitnesses and the medical examiner, coupled with evidence recovered from the crime scene, established by a preponderance of the evidence – and, in fact, by clear and convincing evidence – that Williams stabbed Alan McLeod to death, conduct for which the jury had been unable to reach a verdict. Based on this finding, the district court determined that "the murder cross-reference under U.S. Sentencing Guidelines [s]ection 2D1.1(d)(1) applies to Mr.

Williams . . . , which therefore leads to the adoption of an offense level of 43."

App'x at 166. Although such an offense level would typically result in a Guidelines range of life imprisonment, the district court again noted that Williams's counts of conviction carried an aggregate maximum term of imprisonment of 600 months, which thereby resulted in a Guidelines range of 600 months – or 50 years.

Because the Guidelines were mandatory at the time, and because the murder cross-reference resulted in a higher offense level, the district court was required to apply the cross-reference when determining the applicable Guidelines range. *See* U.S.S.G. § 2D1.1(d)(1). Nevertheless, the district court did not do so. Observing that the applicable Guidelines range would not "change significantly" under the higher offense level from the murder cross-reference, App'x at 167, the district court relied on the lesser offense level of 37 in sentencing Williams to the statutory maximum term of 600 months' imprisonment. Williams appealed his conviction and sentence, which we largely affirmed; we nevertheless remanded to the district court to consider whether resentencing was warranted in light of *United States v. Booker*, 543 U.S. 220 (2005), which rendered the previously

mandatory Sentencing Guidelines advisory. *See United States v. Santiago*, 126 F.

App'x 21, 23–24 (2d Cir. 2005).

On *Booker* remand, after "reexamining its original sentencing decision," the

district court denied Williams's request for resentencing. *United States v. Santiago*,

413 F. Supp. 2d 307, 311 (S.D.N.Y. Feb. 6, 2006). The district court noted that, but

for the statutory maximum sentence of 50 years, "Williams faced a custodial

sentence that, under two alternative applications of the Guidelines that the [c]ourt

considered, would have ranged from 360 months to life imprisonment according

to one computation and to life under the other." *Id.* at 312. The district court also

reaffirmed that "sufficient evidence indicated that Williams twice shot [Francisco]

Martinez in the back, and that he did inflict several fatal knife wounds on [Alan]

McLeod, the last of which Williams administered after McLeod had fled from him

and was already lying prone on the ground as a result of the first stab." *Id.* at 321.

"[B]earing in mind such aggravating circumstances," the district court concluded

that a lower sentence was not warranted. *Id*. at 322. Williams appealed the district

court's denial, and we affirmed. *See United States v. Williams*, 216 F. App'x 67 (2d

Cir. 2007).

In 2014, while Williams was serving his sentence, the United States Sentencing Commission promulgated Amendments 782 and 788 to the Guidelines, which retroactively reduced the base offense levels for certain drug crimes. *See* U.S.S.G. app. C, amends. 782, 788. Based on the 2014 amendments, Williams moved *pro se* for a sentence reduction under section 3582(c)(2), which permits a district court to reduce a defendant's sentence if the sentence was based on a Guidelines range that was subsequently lowered. *See* 18 U.S.C. § 3582(c)(2). The district court denied Williams's motion and his request for appointed counsel in a 2016 order. *See United States v. Williams*, 190 F. Supp. 3d 359 (S.D.N.Y. June 3, 2016). The district court agreed that Williams was indeed *eligible* for a sentence reduction on account of the 2014 amendments, which lowered his offense level by two, resulting in a Guidelines range of 292 to 365 months. The district court nevertheless denied Williams's request for a sentence reduction because such relief was *unwarranted* in light of the section 3553(a) factors.

Specifically, the district court concluded that "[t]he first factor listed in [s]ection 3553(a)(1), the nature and circumstances of the offense," weighed against a reduction because "Williams, in the course of participating in the conspiracy to distribute crack cocaine, did stab Mr. Alan McLeod to death, a murder that was

carried out intentionally, with premeditation and deliberation" and because "Williams engaged in acts of extreme violence, including Williams's firing a gun at and twice wounding another individual in the back while pursuing him following a fight." *Id.* at 364 (alterations and internal quotation marks omitted). Furthermore, the district court determined that "[t]he second factor in [s]ection 3553(a)(1), 'the history and characteristics of the defendant,'" weighed against a reduction because Williams was a career offender, and "nothing on the record indicated that Williams showed any remorse for his crimes." *Id.* at 364–65 (quoting U.S.S.G. § 3553(a)). Finally, the district court determined that the section 3553(a)(2) factors – "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," 18 U.S.C. § 3553(a)(2) – weighed against a reduction because of the "seriousness of Williams's offense, the egregious nature of his conduct, and the need to deter others and protect the public." *Williams*, 190 F. Supp. 3d at 365.

More than three years later, on October 4, 2019, Williams, now represented by counsel, asked the district court to "reconsider its denial of [his] motion for reduction of sentence pursuant to [section] 3582(c)(2)," arguing that he was eligible for a greater reduction than the two levels the district court had calculated in 2016. App'x at 234. Specifically, Williams argued that his offense level should have been reduced to 29 rather than to 35, and that his Guidelines range was therefore 151 to 188 months. Williams also maintained that his post-conviction rehabilitative efforts and expressions of remorse weighed in favor of granting his motion for relief.[1] The government opposed the motion, arguing that the murder cross-reference provision provided an alternative basis in the Guidelines for Williams's 600-month sentence, making him ineligible for relief under

---

[1] Although counsel asked the district court to "reconsider" its earlier denial of Williams's motion for a sentence reduction, App'x at 234, we do not construe the request to have been a formal motion for reconsideration pursuant to Local Criminal Rule 49.1(d). *First*, such a motion – filed more than three years after the district court's initial denial – would almost certainly have been time-barred, something counsel would no doubt have recognized. *See* S.D.N.Y. & E.D.N.Y. L.R. 49.1(d) (requiring motions for reconsideration in criminal cases to be filed within fourteen days of entry of the court's order). *Second*, counsel asserted new arguments in favor of a sentence reduction that had not been presented to the district court in connection with Williams's 2014 request, *see* App'x at 234–38, even though a motion for reconsideration is not a vehicle for presenting new facts, issues, or arguments not previously before the court. *See United States v. McCoy*, 995 F.3d 32, 51 (2d Cir. 2021) (holding that an appeal from the denial of a motion for reconsideration was meritless because such a motion "is inappropriate for the presentation of new facts or contentions, or for an attempt to reargue old ones"), *vacated on other grounds*, 142 S. Ct. 2863 (2022). Considered in context, it seems clear that counsel's motion was in fact a new request for a sentence reduction pursuant to section 3582(c)(2).

section 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(B) (forbidding sentence reductions if the amendment "does not have the effect of lowering the defendant's applicable guideline range").

The district court agreed with the government that Williams was not eligible for relief under section 3582(c)(2) – contradicting its 2016 determination that Williams *was* eligible for a two-level reduction on account of the 2014 amendments to the Sentencing Guidelines. *See United States v. Williams*, No. 00-cr-237-3 (VM), 2020 WL 5253205, at *5 (S.D.N.Y. Sept. 3, 2020). The district court explained that, had it foreseen the 2014 amendments, "it would still have calculated the Guidelines range based on the murder cross-reference provision of [s]ection 2D1.1(d)(1)." *Id.* It also noted that Williams's new section 3553(a) evidence, which primarily involved his remorse and rehabilitation, was not sufficient to warrant a sentence reduction. Williams timely appealed from the district court's denial of his motion.

## II. DISCUSSION

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Among the few exceptions to this general rule is "the case of a defendant who has been sentenced to a term of imprisonment

10

based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* § 3582(c)(2). In such a case, a district court must determine "whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced." *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013). If the defendant is found to be eligible, the district court must still consider whether a sentence reduction is warranted based on the sentencing factors in section 3553(a) and any applicable policy statements issued by the Sentencing Commission. *See Dillon v. United States*, 560 U.S. 817, 827 (2010). We review the district court's denial of Williams's motion for abuse of discretion, and any questions of law we review *de novo*. *See United States v. Johnson*, 732 F.3d 109, 113 (2d Cir. 2013).

The district court did not abuse its discretion in denying Williams's 2019 motion. Although the parties fiercely dispute whether the district court "applied" the murder cross-reference at the original sentencing and, if not, whether the district court's failure to apply it precludes it from doing so on a motion for resentencing under section 3582(c), we need not reach those issues given the district court's independent conclusion that the section 3553(a) factors counseled

11

against granting Williams relief. In the course of denying Williams's 2019 motion, the district court stated that, to grant Williams's request for a sentence reduction, it would have to consider "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need to "protect the public from further crimes of the defendant," among other section 3553(a) factors. *Williams*, 2020 WL 5253205, at *4 (quoting 18 U.S.C. § 3553(a)) (internal quotation marks omitted). With those factors in mind, the district court acknowledged that Williams had recently "expressed remorse for his actions" and that he had "taken [steps] to rehabilitate himself [while in custody]." *Id.* at *5. Nevertheless, while the district court commended Williams for his efforts at rehabilitation, it ultimately concluded that a sentence reduction was not appropriate.

To be sure, the district court did not mechanically march through each and every one of the section 3553(a) factors. But it was under no obligation to do so. Rather, "we presume that the sentencing judge has considered all relevant [section] 3553(a) factors and arguments unless the record suggests otherwise." *United States v. Smith*, 982 F.3d 106, 111 (2d Cir. 2020) (alterations and internal quotations marks omitted). Here, the record reflects the district court's

consideration of the new information relevant to the section 3553(a) factors and, taken as a whole, supports, rather than rebuts, that presumption.

The dissent takes issue with this characterization of the district court's order, arguing that the court did not base its conclusion on the section 3553(a) factors. *See* Dissent at 5–8. But while it's true that the district court stated that "it need not consider the factors set forth in [s]ection 3553(a)" because it had already found Williams to be ineligible for a reduction, the district court began the next sentence with the word "[h]owever," and then did, in fact, consider those factors. The district court quoted from its prior consideration of the section 3553(a) factors in its 2016 decision, and then discussed Williams's *new* section 3553(a) evidence. *Williams*, 2020 WL 5253205, at *5. In doing so, the district court expressly acknowledged the developments in the record regarding Williams's remorse and rehabilitation since the 2016 decision, which implicated "the history and characteristics of the defendant," the need for the sentence imposed "to provide just punishment for the offense," and the need for the sentence imposed "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). Furthermore, as noted, the district court referenced its 2016 order denying Williams's request for a sentence reduction, in which it had considered the section

3553(a) factors in detail. The district court's view as to the other section 3553(a) factors is therefore "obvious from the history of the case." *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013); *see also Chavez-Meza v. United States*, 585 U.S. 109, 119 (2018) (observing that a court reviewing a resentencing decision should "not turn a blind eye to what the judge said at" prior sentencing proceedings but rather should consider whether "the record as a whole satisfies us that the judge considered the parties' arguments" (internal quotation marks omitted)).[2]

The dissent seizes on the district court's statement that it could not "reduce a sentence based on rehabilitation alone under either [s]ection 3582(c)(2) or [s]ection 3582(c)(1)(A)," *Williams*, 2020 WL 5253205, at *6, as evidence that the district court did not appropriately consider the § 3553(a) factors, since the "rehabilitation alone" limitation found in 28 U.S.C. § 994(t) is applicable only to reductions under section 3582(c)(1)(A), not reductions under section 3582(c)(2), *see* Dissent at 8. But even if the district court misstated the limits of section 3582(c)(2), we are not persuaded that such a misstatement affected its view of the section 3553(a) factors. It is clear from the rest of the district court's discussion and from

---

[2] The dissent argues that *Chavez-Meza* is distinguishable because the district court in that case certified (on a form order) that it had considered the section 3553(a) factors. But here the district court did more than that: it actually discussed the substance of the factors. The distinction the dissent identifies cuts *for* the majority, not against it.

14

the district court's consistent view of the section 3553(a) factors throughout "the history of the case" that it did not consider a reduction to be warranted. *Christie*, 736 F.3d at 196. We need not remand this case to the district court for it to tell us again what it has already made clear.

Finally, if there were any remaining doubt as to the district court's views concerning the application of the section 3553(a) factors to Williams's motion, that doubt is dispelled by the district court's 2021 order denying Williams's subsequent motion for a sentence reduction under the First Step Act of 2018. *See United States v. Williams*, No. 00-cr-237 (VM), 2021 WL 509987 (S.D.N.Y. Feb. 10, 2021). When considering the section 3553(a) factors, the district court explained that "Williams had engaged in particularly violent and dangerous conduct, including the intentional and premeditated murder of Alan McLeod"; reiterated its 2016 determination that the "seriousness of Williams's offense, the egregious nature of his conduct, and the need to deter others and protect the public weigh[ed] against granting a reduction"; and concluded that the section 3553(a) analysis "ha[d] not meaningfully changed" since the district court's 2016 order, notwithstanding Williams's remorse. *Id.* at *4–5. The district court was "therefore persuaded that[,] even if Williams were eligible [for] and would be subject to a Guidelines reduction,

a sentence reduction would not be warranted." *Id.* at *5. The dissent does not address this subsequent history.

Based on this record, we hold that the district court did not abuse its "broad discretion" in denying Williams's 2019 motion for a sentence reduction under section 3582(c)(2). *United States v. Rivera*, 662 F.3d 166, 184 (2d Cir. 2011).

### III. CONCLUSION

For all these reasons, we **AFFIRM** the order of the district court.

U.S. v. Williams,
Nos. 20-3044, -3705

KEARSE, *Circuit Judge*, dissenting:

I respectfully dissent. While we frequently state that the sentencing court "is presumed to have considered all relevant [18 U.S.C.] § 3553(a) factors and arguments unless the record suggests otherwise," *e.g.*, *United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) (internal quotation marks omitted), I do not believe it appropriate to affirm by applying that presumption when the district court has expressly said--erroneously--that it "lacks discretion to reduce Williams's sentence under Section 3582(c)(2)," and that "[b]ecause . . . it lacks [such] discretion . . . it need not consider the factors set forth in Section 3553(a)." Decision and Order dated September 3, 2020 ("2020 Decision"), 2020 WL 5253205, at *5.

Defendant Julius Williams was convicted in 2002 of racketeering conspiracy (Count Two) and conspiracy to distribute at least 50 grams of crack cocaine (Count Three). Under 21 U.S.C. §§ 812, 841(a), and 841(b)(1)(A), the narcotics conviction subjected him to a prison term of not less than five years. *See generally Dorsey v. United States*, 567 U.S. 260, 263-64 (2012). The statutory maximum imprisonment for Williams's combined offenses was 50 years. In sentencing him to

600 months' imprisonment under the Sentencing Guidelines ("Guidelines"), the district court stated in part as follows:

> After . . . extensive review, the Court in this case of Mr. Williams groups Counts Two and Three for calculation purposes of the offense level . . . *and chooses to calculate Mr. Williams's offense level under U.S. Sentencing Guidelines Section 2D1.1(a)(3), which adopts an offense level of 32 for conspiring to distribute at least 50 grams of crack cocaine. . . .*

(Sentencing Transcript, November 26, 2002 ("S.Tr."), 50-51 (emphases added).)

As the majority notes, despite the general principle that a federal court "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), that section includes an exception that gives the court a certain amount of discretion to reduce the sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," *id*. § 3582(c)(2). In 2014, the Sentencing Commission ("Commission") adopted Amendment 782, which modified Guidelines § 2D1.1 by lowering the sentencing ranges for certain categories of drug-related offenses, including "reduc[ing] by two levels the offense levels assigned to the quantities that trigger the statutory minimum penalties." Guidelines 2023 Supplement to Appendix C, Amendment 782, at 66 (eff. Nov. 1, 2014). At the same

time, the Commission made Amendment 782 retroactive, albeit providing that sentence reduction orders based on Amendment 782 could not take effect before November 1, 2015. *See id*. Amendment 788, at 80-82 (eff. Nov. 1, 2014).

As relevant to Williams on this appeal, § 3582(c)(2) provides that as to

> a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). Guidelines § 1B1.10, which is "[t]he policy statement applicable to § 3582," *United States v. Brooks*, 891 F.3d 432, 435 (2d Cir. 2018), provides in pertinent part that

> [i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, *the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced*[,] . . . [and] shall substitute . . . the amendments . . . *for the corresponding guideline provisions that were applied* when the defendant was sentenced,

Guidelines § 1B1.10(b)(1) (Policy Statement) (emphases added).

When Williams first moved for a sentence reduction based on

Amendment 782 in 2015, the district court found that he was eligible for such a reduction under § 3582(c)(2), *see* Decision and Order dated June 3, 2016 ("2016 Order"), at 8-10, because "[a]t sentencing, the Court calculated Williams's offense level on the basis of [Guidelines] Section 2D1.1," *id*. at 7; *see also id*. at 7-8 (quoting extensively from S.Tr. 50-52 and 54-55). However, the district court proceeded to deny Williams's motion because it found that the § 3553(a) factors did not warrant granting the reduction. *See* 2016 Order at 11-13.

When Williams in 2019 (newly represented by counsel) moved for reconsideration, the district court--in the decision at issue on this appeal--ruled that Williams was not eligible for a reduction under § 3582(c)(2). *See* 2020 Decision, 2020 WL 5253205, at *5. The district court stated that "[a]lthough the Court formally adopted a Guidelines range based on an offense level of 37," it had also made offense-level calculations under an alternative set of guidelines that would have given Williams "an offense level of 43" but would have eventuated in the same prison term. *Id*. The district court indicated in its 2020 Decision that "if" it had known the Guidelines § 2D1.1 range on which it actually based Williams's sentence would be lowered, "it would" have chosen to sentence him based on the alternative calculations instead, *id*.; and, "[a]ccordingly, the Court holds that it lacks discretion to reduce

- 4 -

Williams's sentence under Section 3582(c)(2)," *id*.

This was error. Section 3582(c)(2) deals with the prison term that was imposed "*based on* a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2) (emphasis added); it gives the court discretion to "substitute . . . the amendments . . . for the corresponding guideline provisions *that were applied* when the defendant was sentenced," Guidelines § 1B1.10(b)(1) (Policy Statement) (emphasis added). It matters not what guidelines the court could, would, or perhaps should, have applied. Section 3582(c)(2) and the applicable Guidelines policy statement expressly require the court to consider the defendant's eligibility for a Guidelines-Amendment-reduced sentence when his sentence was "based on" "guideline provisions *that were applied*" and resulted in a range that the Commission subsequently lowered.

Here, the district court erred by eliminating from its § 3582(c)(2) consideration the Commission's lowering of the sentencing ranges in Guidelines § 2D1.1--*i.e.*, the guideline that the court had expressly "cho[]se[n]" to apply at sentencing (S.Tr. 51), and had "formally adopted," 2020 Decision, 2020 WL 5253205, at *5, in "calculat[ing] Williams's offense level," 2016 Order at 7. Instead, the district court's present decision focused on the alternative offense level the court had

- 5 -

explored but not applied; the court ruled that it had no authority to grant Williams's request for a reduction under Amendment 782 because the Commission did not lower the offense level in the guideline that the district court had not applied, *see* 2020 Decision, 2020 WL 5253205, at *5. And that erroneous ruling led the court to conclude erroneously that "it need not consider the factors set forth in Section 3553(a)," *id.*

The majority finds the latter error excusable--and the former error harmless--by presuming that the district court denied Williams a sentence reduction in the exercise of its discretion, because the district court proceeded to mention some of the § 3553(a) factors. However, in my view, the district court should rarely, if ever, be presumed to have given appropriate consideration to factors that it stated need not be considered at all.

And the record in this case suggests that the district court did not appropriately "consider[]" the § 3553(a) factors "to the extent that they are applicable," 18 U.S.C. § 3582(c)(2). For example, with regard to the § 3553(a)(2)(D) factors of effective educational or vocational training and other correctional treatment, although the district court noted that Williams had made substantial steps "in furtherance of his rehabilitation," *id.* at 14-15, it considered rehabilitation only in isolation, not as it may affect other § 3553(a) factors. *See generally Pepper v. United States*, 562 U.S. 476,

491 (2011) ("*evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors*," including "plainly . . . 'the history and characteristics of the defendant[,]' § 3553(a)(1)," and perhaps "'the need for the sentence imposed' to serve the general purposes of sentencing set forth in § 3553(a)(2)--in particular, to 'afford adequate deterrence to criminal conduct,' [and] 'protect the public from further crimes of the defendant'" (emphasis added)).

Although the majority states that "[i]n the course of denying Williams's 2019 motion, the district court stated that, to grant Williams's request for a sentence reduction, it would have to consider" the § 3553(a) factors such as the need to protect the public from future crimes and the nature and circumstances of the offense, Majority Opinion *ante* at 11-12 (citing 2020 Decision, 2020 WL 5253205, at *4), that statement by the district court, in the paragraph that preceded its "Discussion" section, referred expressly to what a court must consider "*[i]f the defendant is eligible for a [§ 3582(c)(2)] sentence reduction*," 2020 WL 5253205, at *4 (emphasis added). But in the first paragraph of its Discussion section, the district court held--erroneously, as discussed above--"that *Williams is not eligible* for a sentence reduction," *id*. at *5 (emphasis added). And having found that Williams was not eligible, the district court ruled that it "lack[ed] discretion to reduce Williams's sentence under Section

§ 3582(c)(2)," *id*., and concluded that "[b]ecause . . . it lacks discretion to reduce William[s]'s sentence, it need not consider the factors set forth in Section § 3553(a)," *id*.

The record here thus contrasts with that in *Chavez-Meza v. United States*, 585 U.S. 109 (2018), cited by the Majority Opinion *ante* at 13, in which the district court's denial of a § 3582(c)(2) sentence reduction "was entered on a form issued by the Administrative Office of the United States Courts. The form certified the judge had . . . 'tak[en] into account' the § 3553(a) factors," 585 U.S. at 114.

And here, rather than consider what likely effect Williams's demonstrated progress in rehabilitation would have on other § 3553(a) factors such as the need to deter Williams from committing additional crimes, the district court said "the Court *cannot* reduce a sentence *based on rehabilitation alone*," 2020 Decision, 2020 WL 5253205, at *6 (emphases added). And it proceeded to refer to two statutory sections that are inapposite. *See id*. ("*28 U.S.C. Section 994(t) provides that* '[r]ehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason' warranting a reduction [of sentence] within the meaning of Section 3582(c)*(1)(A)*. . . . Courts lack discretion to reduce a sentence based *solely* on [rehabilitation]. *See* . . . *28 U.S.C. § 994(t)*." (emphases mine)). Neither § 994(t) nor

- 8 -

§ 3582(c)(1)(A) purports to deal with reductions by the Commission of Guidelines ranges of imprisonment. And plainly, when a defendant has requested a sentence reduction under § 3582(c)(2) because the Commission has lowered the punishment for his crime, the request for a reduction is not based on rehabilitation alone.

In sum, the district court erred in concluding that it lacked any discretion to reduce Williams's sentence, based (a) in part on its erroneous refusal to find under 18 U.S.C. § 3582(c)(2) that Guidelines Amendment 782 applies to the guidelines that the court stated it was applying in sentencing Williams, and (b) in part on its reliance on statutory authority that--by referring to "rehabilitation . . . alone," and to § 3582(c)(1)(A), not § 3582(c)(2)--does not govern cases in which the amended Guidelines-recommended imprisonment ranges were lowered. I cannot join the majority in affirming the denial of reconsideration of Williams's request for a § 3582(c)(2) reduction of sentence based on the majority's presumption that the district court, in dealing with the motion before it, adequately considered, as required, the § 3553(a) factors that the district court stated it "need not consider."