24-1817
*United States v. Jacklyn*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty-five.

PRESENT:
>RICHARD C. WESLEY,
>RICHARD J. SULLIVAN,
>MICHAEL H. PARK,
>>*Circuit Judges.*

---

UNITED STATES OF AMERICA,

>*Appellee,*

>v.                                                            No. 24-1817

DAVID JACKLYN, a.k.a. HOOD,

>*Defendant-Appellant.*\*

---

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Defendant-Appellant:    Florian Miedel, Miedel & Mysliwiec LLP, New York, NY.

For Appellee:    Michael D. Maimin, Jacob R. Fiddelman, Assistant United States Attorneys, *for* Danielle R. Sassoon, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 13, 2024 order of the district court is **AFFIRMED**.

David Jacklyn appeals from an order of the district court denying his motion for a fourteen-month sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On appeal, Jacklyn argues that the district court abused its discretion by "fail[ing] to adequately re-consider both the [section] 3553(a) factors[] and [his] post-sentencing conduct." Jacklyn Br. at 8. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.    Background

As a member of the Newburgh Bloods street gang, Jacklyn participated in two attempted murders, sold substantial amounts of narcotics, and possessed a firearm to further his narcotics business.  With respect to the first attempted murder, Jacklyn – acting at the direction of his fellow gang members – beat and stabbed an individual for falsely claiming to be a high-ranking member of their gang.  Jacklyn's second attempt to commit murder took place a few months later, when he and other Bloods travelled to another part of Newburgh to assault and shoot members of a rival gang, only to end up shooting a bystander in the face. On behalf of the gang, Jacklyn also distributed between 280 and 840 grams of cocaine base and possessed a firearm in furtherance of his drug-trafficking crimes.

After he was arrested in September 2011, Jacklyn pleaded guilty pursuant to an agreement with the government to one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d), one count of conspiracy to distribute 280 grams or more of crack cocaine in violation of 21 U.S.C. §§ 864, 841(b)(1)(A), and one count of possessing, using, and carrying firearms during and in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  As part of the plea agreement, the parties stipulated that Jacklyn's applicable sentencing range under the United States Sentencing Guidelines ("Guidelines") was 195 to 228 months'

3

imprisonment.

During Jacklyn's sentencing proceeding, the district court disagreed with the parties' stipulated Guidelines calculation and instead concluded that Jacklyn's applicable Guidelines range was 211 to 248 months' imprisonment. The district court then imposed a sentence of 195 months' imprisonment, to be followed by a five-year term of supervised release. The court emphasized that "the nature of the offenses[,] particularly the assaults that [Jacklyn] was intimately involved in[,] . . . the extent of his involvement in the drug trafficking conspiracy," and his role as "a central player" in the conspiracy all supported a 195-month sentence. Dist. Ct. Doc. No. 1160 at 17.

In 2016, Jacklyn filed his first motion for a sentence reduction pursuant to section 3582(c)(2) based on Amendment 782 to the Guidelines, which retroactively lowered Jacklyn's applicable Guidelines range. Jacklyn argued that a 15-month reduction was appropriate and supported by the section 3553(a) factors because the district court had originally sentenced him to the bottom of the Guidelines range and should do the same now that the range was lower.[1] The district court

---

[1] Although both Jacklyn and the government indicated in their submissions that the district court had originally determined the applicable Guidelines range to be 195 to 228 months, *see* Dist. Ct. Doc. Nos. 1584, 1590, the sentencing transcript reflects that the district court actually calculated his Guidelines range to be 211 to 248 months, *see* Dist. Ct. Doc. No. 1160 at 17.

4

denied Jacklyn's motion, concluding that the section 3553(a) factors weighed against the requested 15-month reduction, particularly given "his violent criminal behavior leading to the instant convictions" and his "disciplinary history while incarcerated."  Dist. Ct. Doc. No. 1594 at 1.

Approximately six years later, in 2022, Jacklyn filed a second motion for a sentence reduction pursuant to section 3582(c)(2).  Jacklyn largely reiterated the arguments made in his first motion, while also highlighting the adverse confinement conditions he had experienced as a result of the COVID-19 pandemic and downplaying the new disciplinary infractions he had incurred since his prior motion.  The district court denied the motion, again concluding that the section 3553(a) factors weighed against a sentence reduction.  The district court further explained that "the seriousness of Jacklyn's underlying offenses" continued to be the "overriding reason" why a reduction was not warranted.  Dist. Ct. Doc. No. 1981 at 2.  The court also noted that, although Jacklyn had endured adverse confinement conditions during the pandemic, his continued commission of disciplinary infractions undermined the notion that he been rehabilitated to a point "worthy of a sentencing reduction."  *Id.* at 3.

In 2024, Jacklyn filed the instant motion for a sentence reduction pursuant

5

to section 3582(c)(2). This time, Jacklyn based his motion on Amendment 821 to the Guidelines, which the district court determined to have retroactively lowered his criminal history for a correspondingly lower Guidelines range of 180 to 195 months. Jacklyn stressed that he had not committed a single disciplinary infraction since the denial of his 2022 motion, reiterated that he had endured adverse conditions of confinement during the pandemic, and advised the court that he had completed some educational programing while in prison. The district court once again denied Jacklyn's request, concluding that the section 3553(a) factors continued to weigh against a reduction in his sentence.

## II. Legal Standard

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations accepted and internal quotation marks omitted). Section 3582(c)(2) authorizes a district court to make "only a limited adjustment to an otherwise final sentence" when the United States Sentencing Commission promulgates an amendment that retroactively lowers a defendant's Guidelines range. *Id.* at 826. But even if a defendant's Guidelines range is retroactively lowered, the district court may only

6

reduce a defendant's sentence if such a reduction is supported by the section 3553(a) factors and is "consistent with applicable policy statements issued by the Sentencing Commission" – namely, section 1B1.10 of the Guidelines. *United States v. Brooks*, 891 F.3d 432, 435 (2d Cir. 2018) (internal quotation marks omitted).

District courts must follow a two-step process when deciding whether to reduce a defendant's sentence under section 3582(c). First, the court must determine whether the defendant is eligible for a sentence reduction under the amendment to the Guidelines. *See Dillon*, 560 U.S. at 827. In making that determination, the district court must calculate "the amended guideline range that would have been applicable to the defendant if the [amendment] . . . had been in effect at the time the defendant was sentenced," while leaving "all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). If the bottom of the amended Guidelines range is lower than the sentence that the defendant received, then the defendant is eligible for a reduction. But that does not end the inquiry, since the district court must still consider at step two whether the section 3553(a) factors weigh in favor of a reduction. *See United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010).

We have made clear that district courts have "broad" discretion in deciding

whether the section 3553(a) factors warrant a reduction. *See United States v. Williams*, 102 F.4th 618, 624 (2d Cir. 2024). A district judge is "under no obligation" to "mechanically march through each and every one of the section 3553(a) factors," and "we presume that the sentencing judge has considered all relevant section 3553(a) factors and arguments unless the record suggests otherwise." *Id.* at 623 (alternations accepted and internal quotation marks omitted).

On appeal, we apply different standards of review at each step. We review *de novo* whether a defendant qualifies for a sentence reduction at step one. *See id.* But we review for abuse of discretion when assessing the district court's denial of a sentence reduction based on the section 3553(a) factors. *See Brooks*, 891 F.3d at 435.

## III. Discussion

Jacklyn argues that the district court abused its discretion because it "was committed to sticking to its original position," Jacklyn Br. at 14, and "never adequately, with an open mind, re-considered the [section] 3553(a) factors or [his] post-sentencing rehabilitation," *id* at 13. We disagree.

The record clearly shows that the district court reasonably considered the section 3553(a) factors as applied to the facts before it. For instance, the district

court expressly acknowledged that Jacklyn was forced to endure "harsh" confinement conditions during the pandemic and credited Jacklyn for having "gone several years without being cited for any disciplinary violations" and for having "completed a series of . . . educational and self-betterment classes." App'x at 59–60. Nevertheless, the district court found that these "good development[s]" paled in comparison to the "bad thi[n]gs" that still applied as to the nature and circumstances of the offense and Jacklyn's history and characteristics. *Id.* at 59. The district court noted that "Jacklyn is still the person who . . . shot in the face an innocent bystander who had the misfortune to get in the middle of a gang turf war, stabbed a rival gang member, helped flood his community with crack and other illegal drugs, and generally helped . . . to wreak havoc on the citizens of Newburg[h]." *Id.*

Although Jacklyn makes much of the district court's representation that it fully intended for Jacklyn to serve his entire 195-month sentence, nothing in section 3582(c)(2) or section 3553(a) precludes a sentencing judge from concluding that a sentencing reduction is unwarranted. The record reflects that the district court conscientiously considered the section 3553(a) factors, and while Jacklyn may disagree with the district court's weighing of those factors, we will not

second-guess the district court's conclusion that a 195-month sentence was still appropriate in light of the violent and heinous nature of Jacklyn's offense conduct. *See Williams*, 102 F.4th at 624.

\* \* \*

We have considered Jacklyn's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court