24-2629
United States v. Ahmed

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand twenty-five.

PRESENT:
　　　　MYRNA PÉREZ,
　　　　SARAH A. L. MERRIAM,
　　　　　　*Circuit Judges.*[*]

────────────────────────────────

UNITED STATES OF AMERICA,
　　　　　　　　　*Appellee*,

　　　　v.　　　　　　　　　　　　　　　　　　　No. 24-2629

MAROOF AHMED,
　　　　　　　　　*Defendant*,

SHAHZAD AHMED,
　　　　　　　　　*Defendant-Appellant*.

────────────────────────────────

[*]　　Judge Alison J. Nathan, who was originally assigned to the panel, is unable to participate in consideration of this matter. Pursuant to this Court's Internal Operating Procedures, the appeal has accordingly been heard and decided by the remaining two judges of the panel. *See* 2d Cir. IOP E(b).

1

FOR APPELLEE:                          DAVID R. FELTON, (Stephanie Simon, Olga I. Zverovich, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:                THEODORE S. GREEN, Green & Willstatter, White Plains, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Defendant-Appellant Shahzad Ahmed appeals a denial of a motion to reduce his sentence in connection with a change to the Federal Sentencing Guidelines ("Guidelines"). We assume the parties' familiarity with the facts, procedural history, and issues on appeal, and we only recount as necessary to explain our decision to affirm.[1]

## I.  Background and Legal Standard

Ahmed is currently serving a 135-month sentence, having pled guilty in 2019 to conspiring to import and distribute heroin. In November 2023, a new version of the Guidelines went into effect, which contained several changes that applied retroactively. Relevant here, a change to how criminal history points were calculated resulted in a

---

[1] Ahmed previously filed three pro se motions seeking to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), all three of which the District Court denied. This Court affirmed the third denial on appeal in 2024. *See United States v. Ahmed*, No. 21-1215, 2024 WL 1406638 (2d Cir. Apr. 2, 2024).

reduction in Ahmed's Criminal History Category, which in turn reduced the advisory Guidelines range for his offense to 120 to 121 months, as opposed to the range of 120 to 135 months that was recommended when Ahmed was sentenced in October 2019.[2] Ahmed moved the District Court to reduce his sentence, as authorized by 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.[3]  The District Court denied that motion in an order entered on September 18, 2024, which Ahmed now appeals.

Section 3582(c)(2) states that a "court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable." And 18 U.S.C. § 3553(a) lists a variety of factors that a "court, in determining the particular sentence to be imposed, shall consider," including: "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" and "the kinds of sentence and the sentencing range established for . . . the applicable category of offense" as calculated under the Guidelines.  In considering a Section 3582(c)(2) motion, therefore, a District

---

[2]    The applicable Guidelines range was 108 to 135 months at the time of Ahmed's sentencing, but because the relevant criminal statutes impose a mandatory minimum sentence of 10 years, the bottom of the applicable Guidelines range is 120 months.  *See* 21 U.S.C. §§ 841(b)(1)(A), 960(b)(1)(A).

[3]    18 U.S.C. § 3582 governs sentencing, and subclause (c) governs modifications to an imposed sentence. Section 3582(c)(1)(A) provides the criteria for compassionate release, and Section 3582(c)(2) provides for modification when the U.S. Sentencing Commission lowers Guidelines ranges.  U.S.S.G. § 1B1.10 is a policy statement that explains which amendments to the Guidelines ranges apply retroactively, and also explains how to consider whether to reduce a sentence due to a retroactive reduction in Guidelines ranges.

Court is required to "consider whether a sentence reduction is warranted based on the sentencing factors in section 3553(a) and any applicable policy statements issued by the Sentencing Commission." *United States v. Williams*, 102 F.4th 618, 623 (2d Cir. 2024) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)).[4]

We review the District Court's decision regarding a Section 3582(c)(2) motion for abuse of discretion. *See United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). A "district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Id.* (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)).

## II.    Discussion

Ahmed argues that the District Court improperly focused on his criminal history and ignored other Section 3553(a) factors. However, Ahmed's disagreement with the weight afforded to particular factors by the District Court cannot establish an abuse of discretion.

---

[4]    When considering a Section 3582(c)(2) motion, a district court must first determine whether the defendant's sentence is eligible for reduction. *See United States v. Williams*, 102 F.4th 618, 622–23 (2d Cir. 2024) (citing *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013)). The District Court found that Ahmed's sentence was eligible for reduction because, pursuant to Amendment 821 to the Guidelines effective November 2023 and the policy statement at U.S.S.G. § 1B1.10 making the amendment retroactive, Ahmed would have faced a reduced range under the Guidelines. Memo Endorsement, *United States v. Ahmed*, No. 7:17-CR-00575 (KMK) (S.D.N.Y. Sep. 18, 2024), ECF No. 139. The parties do not dispute this finding.

4

"The weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006). Important to this case, "[w]e cannot 'assume a failure of consideration simply because a district court fail[ed] to . . . discuss' a given factor." *United States v. Halvon*, 26 F.4th 566, 570–71 (2d Cir. 2022) (quoting *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008)). Rather, a district court may properly decide that factors such as criminal history, which weighed heavily at the time of original sentencing, continue to outweigh other factors. *See id.* ("That the district court gave greater weight to those unchanged factors than to the changed circumstances on which [defendant] relies does not mean that the court failed to consider the latter.").

The District Court explained that Ahmed and his codefendant had "a long record of committing previous drug offenses together at the time they committed the instant offense," and that this "very troubling criminal history . . . is what drove the sentence the [District] Court imposed." Memo Endorsement, *United States v. Ahmed*, No. 7:17-CR-00575 (KMK) (S.D.N.Y. Sep. 18, 2024), ECF No. 139. The District Court went on to explain that "[t]hose factors have not changed with the passage of time (or Defendant's post-sentence conduct or his age)," and found "that application of the Section 3553(a) factors continues to fully justify the sentence the [District] Court originally imposed." *Id.*

5

"[W]e presume that the sentencing judge has considered all relevant [section] 3553(a) factors and arguments unless the record suggests otherwise." *Williams*, 102 F.4th at 623 (quoting *United States v. Smith*, 982 F.3d 106, 111 (2d Cir. 2020)). The record before us does not suggest otherwise. As Ahmed acknowledges, the District Court did in fact reference Ahmed's post-sentence conduct and age, but still concluded that the seriousness of his criminal history did not change the balance. There is no abuse of discretion in that conclusion.

## III.    Conclusion

We have considered Ahmed's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6