*United States v. Khusanov*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand and twenty-six.

PRESENT:    Steven J. Menashi,
            Beth Robinson,
            Myrna Pérez,
                 *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee,*

   v.                                                          No. 25-14

DILSHOD KHUSANOV,

      *Defendant-Appellant.*

_____

*For Appellee*:  GILBERT M. REIN (Dylan A. Stern, *on the brief*), Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY.

*For Defendant-Appellant*:  ZACHARY SEGAL (Richard W. Levitt, *on the brief*), Levitt & Kaizer, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Dilshod Khusanov pleaded guilty to one count of attempting to provide material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B(a)(1). He provided between $200 and $400 to fund Akhror Saidakhmetov's travel to Syria to fight with ISIS. *See United States v. Khusanov*, No. 17-CR-475, 2022 WL 3228270, at *3-4 (E.D.N.Y. Aug. 10, 2022); *United States v. Khusanov*, No. 17-CR-475, 2024 WL 5046745, at *1, *8 (E.D.N.Y. Dec. 9, 2024).

Because Khusanov pleaded guilty pursuant to an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties jointly recommended a below-guidelines sentence of 132 months. The district court accepted that recommendation after "provid[ing] a statement of 'justifiable reasons' … explaining 'why the guidelines range did not account for a specific fact or factors under § 3553(a).'" *Khusanov*, 2022 WL 3228270, at *2 (quoting *United States v. Davis*, No. 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010)); *see also* U.S.S.G. § 6B1.2.

Two-and-a-half years later, Khusanov moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) after satisfying the exhaustion requirements.

2

*See Khusanov*, 2024 WL 5046745, at *5. He asked the district court to reduce his sentence to time served—approximately seven years—and his supervised release term to two years. Khusanov argued that his case presented extraordinary and compelling reasons warranting a sentence reduction because (1) his wife had become incapacitated by cancer and was no longer able to care for their growing autistic son, (2) Khusanov faced harsh conditions at the Metropolitan Detention Center, (3) there was a disparity between a co-defendant's two-year term of supervised release and Khusanov's lifetime term, and (4) Khusanov has been rehabilitated while in prison.

The district court concluded that Khusanov had not identified extraordinary and compelling reasons sufficient to satisfy § 3582(c)(1)(A). The district court further held that even if Khusanov could identify such reasons, the § 3553(a) factors required the denial of his motion for compassionate release. The district court addressed the two arguments that Khusanov offered in relation to the § 3553(a) factors, both of which had been raised at the initial sentencing. First, Khusanov argued that his real motivation was to help the fight against Assad and that "he had no intent to harm any innocent person or any American." *Id.* at *8 (internal quotation marks omitted). But the district court explained that there was no evidence that Khusanov tried to channel money specifically for that purpose. *See id*. Second, Khusanov argued that the seven years of imprisonment "he has already served reflects the seriousness of his offense, provides just punishment and adequately promotes respect for the law." *Id.* (internal quotation marks omitted). But the district court saw "no reason to revise its analysis" two-and-a-half years after it imposed a longer sentence. *Id.*[1]

_____

[1] In the same order, the district court denied Khusanov's motion for relief pursuant to 28 U.S.C. § 2255 and the All Writs Act to strike the condition of his plea agreement consenting to judicial removal and waiving claims under the Convention Against Torture. *See Khusanov*, 2024 WL 5046745, at *9-12. We denied Khusanov's motion for a certificate of appealability with respect to that decision. *See United States v. Khusanov*, No. 25-288, 2025 WL 2254539, at *1 (2d Cir. June 11, 2025).

Khusanov appeals the denial of his motion for compassionate release. He claims that the district court erred because it decided his reasons were not extraordinary and compelling, treated the factors in U.S.S.G. § 1B1.13 as nonbinding, misapplied those factors, and failed to reconsider the § 3553(a) factors in light of the changed circumstances between his initial sentencing and his motion for compassionate release. We assume the parties' familiarity with the remaining facts and procedural history.

## I

We review "the denial of a motion for compassionate release for abuse of discretion and underlying matters of statutory interpretation *de novo*." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)). A district court may deny compassionate release based on its weighing of the § 3553(a) factors without considering whether the inmate has identified extraordinary and compelling reasons. *See id.* at 73.

## II

In this case, the district court provided an adequate explanation of its consideration of the § 3553(a) factors and did not abuse its discretion in that analysis. We therefore affirm the judgment of the district court on that basis and need not separately address the district court's analysis with respect to extraordinary and compelling reasons. *See United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021).

Generally, a district court may consider its initial weighing of the § 3553(a) factors in reviewing a motion for compassionate release. *See Chavez-Meza v. United States*, 585 U.S. 109, 115-20 (2018). Moreover, "we presume that the sentencing judge has considered all relevant section 3553(a) factors and arguments unless the

record suggests otherwise." *United States v. Williams*, 102 F.4th 618, 623 (2d Cir. 2024) (alteration omitted) (quoting *United States v. Smith*, 982 F.3d 106, 111 (2d Cir. 2020)). And the district court is "under no obligation" to "mechanically march through each and every one of the section 3553(a) factors." *Id*.

The district court did not violate these standards. It specifically addressed Khusanov's primary arguments regarding the § 3553(a) factors, and it invoked its prior rejection of similar arguments in the initial sentencing. *See Khusanov*, 2024 WL 5046745, at *8. Its discussion of the § 3553(a) factors allows for meaningful appellate review, and "the record as a whole satisfies us that the judge considered the parties' arguments and had a reasoned basis for exercising his own legal decisionmaking authority." *Chavez-Meza*, 585 U.S. at 119 (internal quotation marks and alteration omitted).

The district court did not abuse its discretion in weighing the § 3553(a) factors. In its analysis of the § 3553(a) factors at the initial sentencing—which it found "no reason to revise" when considering the motion for compassionate release, *Khusanov*, 2024 WL 5046745, at *8—the district court reasonably balanced the seriousness of the crime and the need to deter others against Khusanov's cooperation in pleading guilty, his history and characteristics, and the sentences imposed on others involved in sending Saidakhmetov to Syria. *See Khusanov*, 2022 WL 3228270, at *4-6. And the district court did not clearly err in rejecting Khusanov's claim that he wanted only to fight Assad. *See Khusanov*, 2024 WL 5046745, at *8. Khusanov's "[m]ere disagreement with 'how the district court balanced the § 3553(a) factors' … is not a sufficient ground for finding an abuse of discretion." *Halvon*, 26 F.4th at 569 (quoting *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020)).

Khusanov urges us to follow three out-of-circuit decisions, but those decisions do not support relief in this case. The district court here gave a much more detailed explanation of the § 3553(a) factors than did the district courts in *United States v. Malone*, 57 F.4th 167 (4th Cir. 2023), and in *United States v. Duluc-*

*Méndez*, 156 F.4th 55 (1st Cir. 2025). The decision in *United States v. Davis* considered a guidelines amendment that would have reduced the defendant's guidelines range by half. *See* 99 F.4th 647, 661 (4th Cir. 2024).

*      *      *

We have considered Khusanov's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court